## CALHOUN *v.* LANAUX.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 239. Submitted April 19, 1888. — Decided May 14, 1888.

The appointment by a Circuit Court of the United States of a receiver of a corporation organized under the laws of a State does not deprive a court of the State of jurisdiction to hear and determine an application for a mandamus directing a recorder of mortgages in the State to cancel and erase from the books of his office an inscription against property of the petitioner in favor of the corporation, the petition describing it as a mortgage on real estate, and setting forth the interest of the corporation.

This court questions the opinion of the Supreme Court of Louisiana that the Circuit Court of the United States would have no authority to order the erasure of an incumbrance from a mortgage book within the State.

The copies of orders made in this cause by the Circuit Court of the State after the entry of the final judgment to which the writ of error from the Supreme Court of the State was directed, although annexed to the petition for that writ, were too late in the cause to constitute a ground for importing a federal question into it.

THIS was a petition for a mandamus, addressed to a state court of the State of Louisiana. The Supreme Court of the State, to which the case was brought by writ of error, ordered the writ to issue. The federal question is stated in the opinion.

*Mr. Joseph P. Hornor* and *Mr. Francis W. Baker* for plaintiffs in error.

*Mr. B. F. Jonas* for defendant in error.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This case arose upon a petition filed in the Civil District Court for the parish of Orleans, January 23d, 1884, by Lanaux, the defendant in error, praying for a mandamus against Eugene May, the recorder of mortgages for the same parish, commanding him to cancel and erase from the books of his

office all inscriptions against certain property of the petitioner in favor of The Consolidated Association of the Planters of Louisiana, particularly certain inscriptions designated in the petition as being those of a mortgage on three certain lots in New Orleans, dated June 6th, 1843, given to secure the payment of a subscription for fifteen shares of the capital stock of the company, of $500 each. The State of Louisiana, through its Attorney General, the Consolidated Association of the Planters of Louisiana, through its liquidators, and Henry Denis and others, holders of bonds of the State, secured by pledge of the mortgage above mentioned, were made parties to the proceeding. The interest of the collateral parties arose in this way: The mortgage was originally given by one Lebau to secure the payment of his subscription for the fifteen shares of stock, and, with the like mortgages of other subscribers, and the other assets of the corporation, was pledged by the company to the State, as security for paying certain bonds, issued by the State in favor and aid of the company. Hence the interest of the State. The other parties were holders of these bonds of the State, and claimed to be subrogated to its rights. The petitioner alleged that by an act of the Legislature of Louisiana, passed in 1847, and by the action of the liquidators of the company, (which had become insolvent,) the stockholders were called upon to contribute $102 per share, as a fund to meet the obligations of the State, payable in yearly instalments of $6 each for the period of seventeen years; and that all these instalments had been paid on the fifteen shares secured by the mortgage in question. The petitioner further stated that in the case of *The Association* v. *Lord,* one of the stockholders *in consimili casu,* 35 La. Ann. 425, the Supreme Court of Louisiana had decided that the payment of the said instalments discharged the obligations of the stockholders both as to the subscription and mortgage. He further stated that the mortgage kept his lots out of commerce, and that he had no adequate relief except by mandamus to the recorder.

Prior to the filing of this petition, the Circuit Court of the United States for the Eastern District of Louisiana had

appointed receivers of the said Consolidated Association of Planters, and a copy of the petition was served on them.

The Attorney General of Louisiana appeared and filed an exception to the proceeding by mandamus, claiming that the petitioner could only have relief by a plenary suit, *via ordinaria;* and that it was, in fact, a suit against the State, which could not lie without its consent, and that the State declined to be made a party to the proceeding.

The recorder of mortgages appeared, and contended that he could not be required to cancel the inscription of the mortgages until it had been judicially declared that they were not valid and existing securities by proceedings *via ordinaria* by way of citation contradictorily had with the parties claiming the benefit of the mortgages.

The holders of the state bonds, Denis and others, appeared, and denied the allegations of the petition, and pleaded that the court had no jurisdiction of the demand of the relator, because receivers had been appointed to the Consolidated Association of Planters by the Circuit Court of the United States, and that court only could entertain jurisdiction of the matter.

The receivers of the association, appointed by the Circuit Court, did not appear, and offered no objection to the proceeding.

The cause was tried and the Civil District Court, for some reason not shown, dismissed the petition. The case was then appealed to the Supreme Court of Louisiana, which, on the first hearing, affirmed the judgment; but, on a rehearing, reversed it and granted a mandamus as prayed.

On the question of jurisdiction raised by the plea of the bondholders, the court said: " The point made that this court is without jurisdiction because receivers have been appointed for the Consolidated Association by the United States Circuit Court is untenable, when the object of the proceeding is to erase from the mortgage book of the State an incumbrance created by the law, and which the Circuit Court of the United States would have no authority to order."

As this presents the only federal question raised in the case,

we have no occasion to consider any other. If the state court had jurisdiction of the proceedings, its judgment cannot be impeached on the present writ of error, for that is the only objection made to it on federal grounds. The objection is that the court has no jurisdiction because the United States court had appointed receivers of the association. The simple fact that the said court had appointed such receivers is the only fact disclosed in the record, so far as the proceedings in the Circuit Court of the United States are concerned, until after final judgment had been rendered in the Supreme Court of Louisiana; and this fact only appeared by the statement of the defendants Forstall and Denis in their answer. After final judgment of the Supreme Court was rendered, John Calhoun, who had become sole receiver, together with Denis, one of the state bondholders, presented to the Supreme Court a petition for an order to call on the other defendants to join them in an application for a writ of error in this court, and if they refused, then that such writ be allowed to the petitioners alone. To this petition was annexed a copy of an order of the Circuit Court, made December 29th, 1883, in a cause in which William Cressey was complainant and The Consolidated Association of Planters were defendants, for an injunction and the appointment of receivers, enjoining the defendants from disposing of the association's assets or property; and appointing John Calhoun, T. J. Burke and George W. Nott as receivers in the cause, and directing them forthwith to take possession of all the property and assets of the said association and proceed to administer the same under the direction of the court, and collect all accounts due said association, and all parties having possession of assets, securities, books, papers, vouchers or effects of said association be ordered to deliver up the same to said receivers, and that said receivers be vested with all the rights and powers of receivers in equity in this cause.

A subsequent order, a copy of which was also annexed to the petition for writ of error, continued Calhoun and Burke as receivers, and specified more minutely their powers and duties, not materially differing from the above. By another order, made in June, 1884, a copy of which was also annexed to the

petition, Burke was relieved and Calhoun was continued as sole receiver.

The other defendants having declined to join in the writ of error, the court made the following order on the application for writ of error :

### " *Order.*

" The exceptions filed by Forstall's Sons and Denis to the jurisdiction of the District Court were filed after the general issue had been pleaded. They do not appear to have been urged in the lower court, as no evidence was offered to show, jurisdiction in the Fifth Circuit Court, Eastern District of Louisiana, and were not passed upon, as the judgment of the lower court dismissed the application on a question of proceeding. On appeal no allusion was made to them, and no action of the appellate court was asked on them.

" The exceptors have taken a chance for a decision in their favor on the. merits. After getting one against them they cannot be allowed the relief now sought. *Mays* v. *Fritton*, 20 Wall. 414.

" The application for the writ is refused.

" New Orleans, March 26th, 1885.

" E. BERMUDEZ, *Chief Justice.*"

We think that copies of the orders made by the Circuit. Court, which were annexed to the petition for a writ of error, were produced in the case altogether too late to constitute any ground for importing a federal question into the cause, although we do not perceive that it would have made any difference in the result if they had been presented regularly in the court of first instance.

Taking the case, then, as it stood when the final decision of the Supreme Court of Louisiana was made, we have simply to decide whether the single fact that the Circuit Court had appointed receivers of the association deprived the state court of all jurisdiction of the petition for mandamus. We have seen that the Supreme Court of Louisiana decided that it did not, and we have seen the reason why they supposed it did

not, namely, that the Circuit Court had no authority to order an erasure of a mortgage on the records of the State.

We should hesitate to concur with the state court in the opinion that the Circuit Court of the United States would have no authority to order the erasure of an incumbrance from the mortgage book of the State. The courts of the United States, in cases over which they have jurisdiction, have just as much power to effectuate justice between the parties as the state courts have. But we do not suppose that the jurisdiction of the state court in the present case depends on the incapacity of the Circuit Court to afford relief; but on its own inherent powers, and the fact that such jurisdiction has not been taken away by the proceedings in the federal court. We held in a number of cases, that the jurisdiction of the state courts over controversies between parties, one of whom was proceeded against under the late national bankrupt law, was not taken away by the bankruptcy proceedings; although a suit against the bankrupt might be suspended by order of the bankruptcy court until he obtained or was refused a discharge. See *Eyster* v. *Gaff*, 91 U. S. 521; *Claflin* v. *Houseman*, 93 U. S. 130; *Mays* v. *Fritton*, 20 Wall. 414; *McHenry* v. *La Société Francaise &c.*, 95 U. S. 58. In the case of *Bank of Bethel* v. *Pahquioque Bank*, 14 Wall. 383, we decided that suit might be brought in a state court against a national bank, although it had made default in paying its circulating notes, and a receiver of a bank had been appointed by the Comptroller of the Currency. *A fortiori*, a company may be sued whose assets have been placed in the hands of a receiver in an ordinary suit in chancery.

It is objected, however, that no action can be commenced against receivers without permission of the court which appointed them; and reference is made to *Barton* v. *Barbour*, 104 U. S. 126, 128, and *Davis* v. *Gray*, 16 Wall. 203. This is not an action against the receivers, but against the Consolidated Association and the recorder of mortgages. The receivers were notified of the proceeding by being served with a copy of the petition, so as to give them an opportunity of objecting if they saw fit to do so. They did not appear, and

made no objections. The state bondholders were made parties, and they did appear. We are not concerned, however, with the proceedings, or the merits of the case, but only with the question of the jurisdiction of the court. Of this we have no doubt. Perhaps the Circuit Court, on application of the receivers, might have interfered to prevent the petitioner from proceeding in the state court, had they thought proper to make such an application; but they did nothing of the kind.

This was not the case of a proceeding in the state court to deprive the receivers of property in their possession as such. That would have been a different thing, and the state court would not have had jurisdiction for such a purpose. This was only a case for enforcing the right of the petitioner to have cancelled on the books of the recorder a mortgage which had been satisfied and paid, — not interfering in any way with the possession of the receiver.

We are satisfied that the state court had jurisdiction of the case, and

*The judgment of the Supreme Court is affirmed.*