KANSAS CITY, M. & O. RY. CO. OF TEXAS v. LATHAM.    (No. 8277.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 18, 1915. Rehearing Denied Jan. 22, 1916.)

1. ESTOPPEL ⬫70 — EQUITABLE ESTOPPEL— WHAT CONSTITUTES.

Where the federal court on discharging the receiver and returning the property to a railroad company required the railroad company, pursuant to its offer, to assume payment of claims arising during the receivership, plaintiff's failure to assert his claim by intervention in the receivership suit before discharge, coupled with his delay for two months thereafter, during which the railroad expended relatively small sums in the betterment of its property, works no estoppel preventing assertion thereafter.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 183–187; Dec. Dig. ⬫70.]

2. RECEIVERS ⬫65 — APPOINTMENT OF RECEIVER—EFFECT.

The appointment of a receiver and his administration of the affairs of a railroad company impounds the property of the company, so that while it remains in the custody of the court, the receiver's possession cannot be disturbed by any other court.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 114, 115; Dec. Dig. ⬫65.]

3. COURTS ⬫493—RECEIVERS—APPOINTMENT —POWER OF STATE COURTS.

After discharge of a receiver appointed by the federal court, and during the pendency of the receivership suit, a state court may appoint a receiver who can hold the property to the exclusion of the power of the federal court to appoint a second receiver for it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1352; Dec. Dig. ⬫493.]

4. COURTS ⬫500 — RECEIVERS — POWER OF STATE COURTS.

Pending a receivership in the federal court, a state court may determine a claim against the railroad company whose property was so impounded, if it does not interfere with the receiver's custody of the property.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1407, 1408; Dec. Dig. ⬫500.]

5. COURTS ⬫501 — RECEIVERS — ACTION IN STATE COURT.

Under Act Cong. Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 (U. S. Comp. St. 1913, § 1048),

---

claimants against receivers of a railroad company appointed by the federal court may bring suit in the state court without consent of the appointing court, and it cannot, sitting as a court of equity, deprive claimants of that right.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1409; Dec. Dig. ☞501.]

6. RAILROADS ☞212 — RECEIVERS — DISCHARGE—ACTION AGAINST RAILROAD.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2141, declaring that all parties and corporations whose property has been placed in the hands of a receiver, and which has been delivered back to the original parties or corporations without sale, shall be liable and held to pay all the unpaid liabilities of the receiver arising out of the receivership, a shipper whose claim arose while the property of a railroad company was in the possession of a receiver appointed by a federal court may, after termination of the receivership and return of property to the railroad company, sue the railroad company.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 702–706; Dec. Dig. ☞212.]

7. RECEIVERS ☞204—DISCHARGE—JURISDICTION OF COURT.

Where the federal court appoints a receiver for a railroad company, such court acquires jurisdiction of all claims presented by petition or intervention, and the discharge of the receiver does not of itself release such jurisdiction.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 319, 407, 408; Dec. Dig. ☞204.]

8. RECEIVERS ☞60 — DISCHARGE—JURISDICTION RETAINED.

In such case, the reservation of jurisdiction is necessarily limited to controversies pending in the federal court, and by such reservation that tribunal cannot acquire jurisdiction over claims not filed, for a court of equity has no inherent jurisdiction beyond that conferred by the Constitution and the statutes.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 105–107; Dec. Dig. ☞60.]

9. RAILROADS ☞265 — RECEIVERS — DISCHARGE—RETURN OF PROPERTY—EFFECT OF ORDER.

Where the federal court, which had appointed a receiver for the property of a railroad company, returned the property to the company on an application whereby the company agreed to accept the property subject to all liabilities or indebtedness accruing, or to accrue against the receiver of every kind, and the order of return provided that the company should assume all liabilities incurred by the receiver, the company was liable for claims against the receiver growing out of negligence in the operation of a train, notwithstanding the federal court reserved all questions not disposed of.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ☞265.]

10. RAILROADS ☞265—RECEIVERS—REMOVAL.

Where a federal court removed a receiver of a railroad company, returning the property to the company, one having a claim against the receiver, arising out of negligence in the mismanagement of the road, may have the benefit of Vernon's Sayles' Ann. Civ. St. 1914, art. 2141, making the company liable on such claims, though the federal court, on ordering return of the property, reserved jurisdiction as to matters undetermined.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ☞265.]

11. RAILROADS ☞265 — RECEIVERS—PARTIES TO ACTION.

Where receivers were not personally liable, and had been discharged, they are not necessary parties to an action against a railroad company for damages, for negligent injury to a shipment during the receivership.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ☞265.]

Appeal from District Court, Nolan County; W. W. Beall, Judge.

Action by J. H. Latham against the Kansas City, Mexico & Orient Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

H. S. Garrett, of San Angelo, for appellant. J. H. Beall and E. R. Spencer, both of Sweetwater, for appellee.

DUNKLIN, J. The Kansas City, Mexico & Orient Railway Company of Texas has appealed from a judgment against it in favor of J. H. Latham for injuries to a shipment of cattle resulting from negligent handling of the cattle by the employés of the receivers of that railway, who were appointed by the federal court and who were finally discharged prior to the institution of this suit.

The case was tried upon an agreed statement of facts, which is a part of the record here. The defendant railway company expressly agreed that the claim asserted by plaintiff was a valid claim against the receivers before their discharge for the amount awarded by the trial court; but by all the assignments of error presented it is insisted that appellant is not liable therefor. Appellant was the owner of the property at the time the receivers were appointed, and upon its application the receivers were discharged, and the property returned to the company without a sale.

In his petition in the present suit plaintiff sought to hold the company liable for the claim upon two special theories: First, that while the property was in the hands of the receivers, earnings derived from operating it, in excess of the aggregate of all debts and liabilities incurred by the receivers, were expended for betterments and improvements of the property, the benefits of all which were realized by the company after the property was restored; second, that by the terms of the railway company's application for the discharge of the receivers and the restoration of the property to its possession and control and, as a condition precedent to the grant of such relief, it expressly agreed to assume all outstanding liabilities of the receivers, and that by the terms of the order of court granting the application the property was released to the company charged with all such liabilities.

But plaintiff also pleaded that appellant was liable for his claim by operation of law, and, in connection therewith, alleged that by order of court the receivers were discharged and the property in their hands returned to defendant without sale. The proof explicitly refuted any right to recover upon the first theory mentioned.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In the application for the discharge of the receivers, many claims were mentioned specifically, including those outstanding against the company prior to the appointment of the receivers, some of which had been allowed by the master in chancery and approved by the court, and others were still pending and undetermined. It was further alleged that there were outstanding receivers' certificates in the sum of approximately $1,470,000, secured by a preference lien on all the property of the company; and in addition thereto adjusted liabilities of the receivers in the sum of $250,000. A further allegation relative to outstanding claims reads:

"Your petitioner further states that there are pending undetermined and unadjudicated, by suit and in few instances by claims, other liabilities and demands against this company prior to the receivership, as well as against these receivers; but petitioner is unable to state what amount will finally be due upon the same."

The application concludes with the following:

"Now the premises considered, your petitioner prays for a proper order and decree discharging such receivers, and directing that all of its property and assets be taken from the possession and control of said receivers and delivered to this petitioner, and that it be authorized to take charge of said property and operate same, and in order that the rights and indebtedness of all parties may be fully protected, it hereby agrees to accept said property subject to the charge of all indebtedness which has been or may be finally adjudicated against it, and it further assumes all of the liabilities and indebtedness accruing or to accrue against said receivers of every kind and character whatever, and is willing that the court may make all proper and necessary orders which will protect the indebtedness of all parties having any claims or demands, either against this petitioner, or against the receivers herein.

"Wherefore, the premises considered, your petitioner prays that all due and proper orders be made and entered herein by this court, as herein prayed for."

The order of court granting the application contains the following:

V. "It is ordered, adjudged, and decreed by the court that said defendant, the Kansas City, Mexico & Orient Railway Company of Texas, hereby takes and receives, and shall take and receive, all of the property and assets of every kind and description owned by it involved in this receivership, including the assets of every kind and description held and delivered to it by the said receivers, involved in and conveyed by this order, directing the delivery of said property to the said defendant, the Kansas City, Mexico & Orient Railway Company of Texas, by the said receivers, expressly charged with and subject to the following claims, demands, and liabilities, to wit:

"(a) All of the court costs incurred in this receivership which are or may be properly chargeable to or against the complainant herein, or to or against the defendant, the Kansas City, Mexico & Orient Railway Company of Texas, or to or against said S. B. Hovey and M. L. Mertz, as receivers.

"(b) All of the liabilities which have heretofore been adjudicated and determined, and which may hereafter be finally adjudicated and determined and found to be just, true, and correct demands against the said S. B. Hovey and M. L. Mertz, as receivers, arising out of the operation of the lines or property of the defendant by such receivers.

"(c) All of the indebtedness and liabilities owed by and due from the said the Kansas City, Mexico & Orient Railway Company of Texas, which have been finally established and adjudged, or which may be hereafter finally adjudicated by this court, or by any other court of competent jurisdiction, and which may be found to be just and legal liabilities against the said defendant, the Kansas City, Mexico & Orient Railway Company of Texas.

"(d) Any allowances for compensation of any officer or officers of this court appointed in this cause, or officer or agents of the receivers, if, in the opinion of the court, any of such are entitled to such compensation, reservation being hereby made by the court of its right to hereafter determine such question.

"And it is further provided by the acceptance of the said the Kansas City, Mexico & Orient Railway Company of Texas of the provisions of this order and decree that it is deemed and held to have assumed all of such liabilities and indebtedness as herein provided for.

VI. "And it further appearing to the court that the Kansas City, Mexico & Orient Railway Company of Texas, through a bondholders' committee, has caused to be placed with S. B. Hovey and M. L. Mertz, receivers herein, the sum of three hundred fifty thousand dollars ($350,000), which said sum the said Hovey and Mertz accepted as trustees for the purpose of paying off and discharging the indebtedness and liabilities of the receivers finally adjudicated and determined, and of the class and kind named in the petition filed herein by the Kansas City, Mexico & Orient Railway Company of Texas, and also paying off and discharging the indebtedness and liabilities of the Kansas City, Mexico & Orient Railway Company of Texas, adjudicated and determined as set forth in said petition, and the court having confidence in the said trustees aforesaid, hereby orders and directs that the said S. B. Hovey and M. L. Mertz, as trustees, proceed with due diligence to expend the amount so placed in their hands as trustees toward paying off the liabilities and indebtedness as aforesaid named and provided for.

"It is further ordered, adjudged, and decreed by the court that all questions not hereby disposed of are reserved for future adjudication, and the court reserves jurisdiction of this cause and of the property affected by this decree for the purpose of final disposition of all such questions and matters, and any party to this proceeding, and any claimant or intervener whose claims have been or shall be filed herein, may apply to this court for further orders and directions as may be deemed right and proper. And the court reserves jurisdiction, upon due hearing, subject to the right of all parties interested to contest, to charge the property hereby directed to be delivered to the said defendant as aforesaid, with any and all liabilities which have been or which may hereafter at any time be finally adjudged against the receivers for or by reason of any act or omission of theirs in the administration of their trust as such receivers. And likewise, the court reserves jurisdiction, upon due hearing, subject to the right of all parties interested to contest, to charge the property here directed to be delivered to said defendant the Kansas City, Mexico & Orient Railway Company of Texas, or which may come into its hands under and by virtue of this decree, with any lien or liens which may be finally established to exist against such property, and to fix and determine the priority of such liens."

The receivers were appointed, qualified, and took possession of the property March 9, 1912. They were discharged and the property restored to the company on July 9, 1914. On March 25, 1912, Judge C. K. Bell was appointed special master in chancery, with power to hear and determine all claims pre-

sented by intervention and asserted against the receivers, or against the company, permission to file such pleas of intervention being expressly given in the order; and the master in chancery was ordered to appoint dates and places for hearing the same convenient to the claimants. He was directed to give due notice of such appointment, and to report to the court his findings upon all such claims. On April 24, 1913, Wm. H. Atwell was appointed special master in chancery to succeed Judge Bell, who had died, and was given the same powers. The duties imposed upon those appointees were duly performed.

November 23, 1913, was the date upon which the shipment of cattle in controversy in this suit sustained their injuries through the negligence of the receivers' employés. On December 29, 1913, plaintiff, Latham, filed with the general manager of the receivers his written claim for such damages, which was expressly rejected by them March 17, 1914, nearly four months before their discharge. Plaintiff never at any time filed said claim with the special master in chancery, and did not institute the present suit until September 7, 1914, nearly two months after the receivers were discharged.

Appellant contends that the decree of the federal court should be construed as limiting the liabilities which were fixed as a charge upon the property and which were assumed by the company to claims which were then pending or which already had been reduced to judgments either in that court or in state courts, or which might thereafter be asserted and adjudicated in the receivership court.

[1] The language used in the court's order designating the liabilities which the company, by accepting the property under the order, would assume and which would become a charge on the property restored, especially when construed in the light of the offer contained in the company's application, as should be done, is indeed broad and sweeping in its scope and clearly sufficient to comprehend the claim asserted by plaintiff in the present suit. Nor do we entertain the slightest doubt that such was the intention of the court in making the order and of the company in accepting the property under and by virtue of it. And if all such claims were expressly assumed by the company, and the property expressly charged therewith, as one of the considerations for discharging the receivers and restoring the property to the owner, we are unable to discern upon what principle of equity plaintiff would be estopped to recover in this suit, as appellant insists, by his failure to assert his claim by intervention in the receivership suit before the receivers were discharged, coupled with his delay in instituting the present suit for some two months thereafter, during which period the company expend-

ed $25,000 and incurred obligations to expend $83,000 more for betterments upon the property for its own benefit.

[2-4] The appointment of the receivers and their administration of the affairs of the company were but ancillary proceedings only. By those proceedings the property was impounded, and while it remained in the custody of the court the receivers' possession could not be disturbed by any other court. 11 Cyc. 1010. But after the discharge of a receiver appointed by a federal court and during the pendency of the receivership suit, a state court may appoint a receiver of the property who can hold it to the exclusion of the power of the federal court to appoint another receiver of it. Shields v. Coleman, 157 U. S. 168, 15 Sup. Ct. 570, 39 L. Ed. 660. And, pending a receivership in the federal court, a state court has jurisdiction to determine a claim against the defendant company which has not been filed in the federal court, if the same does not interfere with the receiver's custody of the property. Calhoun v. Lanant, 127 U. S. 634, 8 Sup. Ct. 1345, 32 L. Ed. 297.

[5] By authority of the act of Congress, of August 13, 1888 (25 Stat. L. 436), plaintiff, without permission of the court appointing them, could have sued the receivers themselves in a state court, and it was not within the powers of the federal court, sitting as a court of equity, to deprive him of that right. M., K. & T. Ry. v. Chilton, 7 Tex. Civ. App. 183, 27 S. W. 272; T. & P. Ry. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60; Id., 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81; Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981.

[6] After the discharge of the receivers and the restoration of the property to the company, plaintiff had the right, under article 2141 of our statutes, to sue the company upon the claim asserted herein, and no court could deprive him of the benefits of that statute.

[7, 8] Independent of the receivership proceedings, the federal court acquired jurisdiction of all claims presented in the case by petition or intervention, including the power to determine and enforce all liens asserted against the property. The discharge of the receivers did not of itself operate to release such jurisdiction, and we construe the provision in the order of discharge to the effect that the court reserved jurisdiction over the property as but a precautionary recital precluding any possible assumption to the contrary. Furthermore, such reservation of jurisdiction, necessarily, was limited to controversies then pending in that case. A court cannot acquire jurisdiction over a claim before suit is filed therein. T. & P. Ry. v. Johnson, supra; M., K. & T. Ry. v. Chilton, supra. Jurisdiction is conferred by the Constitution and statutes only, and, aside from such authority, it is not inherent in the power of

a court of equity. Messner v. Giddings, 65 Tex. 301; 11 Cyc. 661.

Appellant has cited several decisions, such as Fidelity Ins. Trust & Safe Department Co. v. N. & W. Ry. (C. C.) 88 Fed. 815; Stewart v. Wisconsin Central Ry. (C. C.) 117 Fed. 782, in which the rule is announced that if it be one of the terms of the contract of purchase of property sold by a receiver that the purchaser shall assume such liability of the receiver as may be fixed and determined by the court appointing him, then the purchaser has the right to claim that he is not bound by the judgment of any other court fixing such liabilities. See, also, 34 Cyc. 331.

But as the appellant in the present suit did not purchase the property from the receiver, clearly, the reasons upon which those decisions are based do not obtain if the property is returned without sale, and therefore the decisions are not applicable, even though we should be inclined to follow them.

[9] Furthermore, it reasonably cannot be supposed that in making the order discharging the receiver and returning the property to the company, the court, contrary to the well-established rules and statutes mentioned above, intended to assume jurisdiction of claims that had not been and would not be filed in that court, and to bar them if they were not there presented; especially in the face of appellant's application for the discharge of the receivers, by the terms of which appellant, in consideration for such discharge, offered to assume and pay all outstanding liabilities of the receivers without any exceptions whatever.

We are of opinion, further, that independent of said order of court appellant assumed and became liable to pay plaintiff's claim by force of the provisions of article 2141, 2 Vernon's Sayles' Texas Civil Statutes, mentioned already, which reads:

"All parties and corporations whose property has been placed in the hands of a receiver by order of the court, and which was not sold by the receiver, and which property has been delivered back to the original parties or corporation, without any sale of said property, shall be liable and held to pay all of the unpaid liabilities of the receiver in causes of action arising out of and during the receivership; and, if there are any suits pending against the receiver at the date of discharge, on causes of action arising during the receivership, the plaintiff shall have the right to make the party or corporation to whom the receiver delivered the property which was in his hands as receiver a party defendant along with the receiver; and, if any judgment is rendered against the receiver for causes of action arising out of and during the receivership, then, the court shall also, at the same time (if the party or corporation receiving back the property have been made parties defendant), render judgment in favor of the plaintiff against defendants for the amount so found for plaintiff and all costs; and plaintiff shall have the right to foreclose his lien on the property delivered back by said receiver to said party or corporation."

[10] We are of the opinion that the benefits of this statute were available to plaintiff under the general allegation of legal liability in connection with the averment of the restoration of the property without sale as noted above, and that plaintiff was entitled to recover thereunder, irrespective of the special pleas mentioned.

[11] The receivers, having been discharged and not being personally liable, were not necessary parties defendant to plaintiff's suit. S. A. & A. P. Ry. v. Barnett, 44 S. W. 20.

For the reasons indicated, all assignments of error are overruled, and the judgment is affirmed.