SOTERO RAMÍREZ ROSARIO, Plaintiff and Appellee, v. THE PORTO RICO DAIRY CO. ET AL., Defendants and Appellants.

No. 7430.   Argued May 20, 1937.—Decided April 21, 1938.

86

*J. Valldejuli Rodríguez* for appellants. *Eduardo Urrutia* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

One of the basic issues in this case is whether there was a footpath *(vereda)* on the left side of the Fernández Juncos Avenue going towards San Juan, more or less where the road to the aviation field lies. After examining the transcribed view of the spot *(inspección ocular)* taken by the court and the rest of the evidence, we have no doubt that there was a well-travelled side path on which pedestrians walked. The court essentially found in favor of the facts of the complaint, and more or less as follows: That Sotero Ramírez Rosario, 50 years old, was going to his place of work in San Juan by way of Fernández Juncos Avenue at about 5:20 a. m., on the 14th of August 1933; that at Stop 10 of said avenue the complainant was knocked down and struck by an automobile belonging to the P. R. Dairy Company driven at the moment of the accident by the chauffeur Nicasio Rivera Candelaria, an employee of the corporation owning the automobile; that by reason of the said accident the complainant was knocked down to the ground and received various bruises and wounds in different parts of his body, which forced him to submit to a painful operation and troublesome treatments, and that he still was not in good condition at the date of the filing of the complaint, and from which (wounds, etc.) the left leg of the complainant was permanently defective and useless, the leg having been fractured in the accident; that when the accident occurred the plaintiff was walking on the footpath which formed a sidewalk and which had been customarily used by the pedestrians who took advantage of it for their trips; that the accident arose because

the vehicle of the P. R. Dairy Co., which met the plaintiff in the opposite direction from which he was coming was going at such great rate of speed and came so close to the wounded man that it hit him, all of which was due solely to the negligence with which said vehicle was driven by the chauffeur who gave no warning of his approach nor avoided the collision, nor reduced its speed until it had run over the plaintiff; that the Great American Indemnity Co. as insurer of the owner of the automobile, assumed the responsibility of satisfying any loss, damage, or injury caused by said automobile to third persons; and that as a consequence of said accident the plaintiff has suffered physically and morally (*sic*) in the sum of $5,000, and also has a right to recover from the 14th of August to the day of the filing of the complaint, the sum of $120 to cover the period during which the plaintiff could not work.

From our examination of the evidence, we have no question that the court was justified in finding that the facts happened as expressed in the complaint. We do not see how, supposing no other error, the court could have arrived at any different conclusion, and also we are convinced that the court presided over the trial in an eminently just and fair way. We find that there was no contributory negligence on the part of the plaintiff, who, as found by the court, was walking on the left side of the road going to San Juan in the way that persons using the road had customarily travelled, and that he had no opportunity to avoid the accident by taking any action which would have occurred to a prudent man. This disposes of the second, eighth, and ninth assignments of error and to a certain extent, of the sixth.

The first assignment of error is as follows:

"In having laid down, as a result of the plaintiff's proof to the effect that he was walking on the left-hand side of the avenue, the ruling set forth on page 38 of the transcript of the evidence, to wit: 'The court shall give its opinion for the purposes of the briefs of the parties. The court is of the opinion that no pedestrian is obliged

to walk on the right or on the left. He may walk on the side which he deems most convenient.' ''

We think that the court clearly stated the law when it said that no pedestrian is necessarily obliged to walk on the right or left side of the road. In the country, and this place was similar, when there are no sidewalks, the jurisprudence is clear that a traveler may walk as the court indicates. It is not necessary to dwell on this point of law because the evidence shows clearly that there was a well-marked footpath and the court took notice of this.

■■ The fourth assignment of error reads as follows:

"Having permitted the questions and answers which appear on pages 5, 7, 55, 60, and 65 of the transcript of the evidence."

This is an insufficient assignment of error. Each one of the alleged infractions should have been separately assigned and made more specific. For example, the appellant might readily have said, discussing the alleged error on page 5, that the court erred in permitting an expert witness to say what would be the future condition of the wounded leg. We find no error in the admission of this evidence, and the other alleged infractions were either no error at all or harmless.

■ The fifth assignment of error we hardly understand inasmuch as the statement of Judge Carballeira as to different statements made by a witness before him in a criminal trial was perfectly admissible to contradict the statements made by the said witness in the present trial. Furthermore, the assignment is insufficient for lack of specification. It reads as follows:

"Having permitted the testimony of Judge Carballeira on pages 89 to 93 of the transcript of the evidence."

■ The seventh assignment of error reads as follows:

"That the judgment rendered in this case is void and without effect inasmuch as it does not expressly find damages against any person or find any amount in favor of any other person."

Now, it is true that it would have been better for the judgment to have specifically expressed that it should run against both the P. R. Dairy Company and the insurance company. The judgment makes no mention of either of these defendants but says that the complaint should be held good, with a certain exception, and that the damages should be considered in the sum of $2,000.

The reference to the complaint supplied any supposed deficiencies in the judgment especially as the opinion formed part of the judgment. In their brief appellants, as we recall it, refer to the fact that the responsibility of the insurance company was subsidiary, but there can be no question that under the law in force in Puerto Rico, the defendant, the Great American Indemnity Co., was properly before the court and was responsible.

The sixth assignment of error is as follows:

"In having rendered judgment for the sum of $2,000 which is excessive, unjustified and against the economic conditions prevailing in Puerto Rico."

Perhaps some other judge may have had an idea that $2,000 was too much, but we do not find it so, and it makes no difference that the court grouped the total amount in $2,000 without making any specific reference to the $120 separately claimed.

██ The disposition of the third assignment of error is slightly more troublesome. It reads as follows:

"In having rendered judgment without jurisdiction for the following reasons: (a) Because the defendant, the P. R. Dairy Co., was in receivership, and it does not appear that permission was ever obtained from the court to sue it nor that the receiver was sued. (b) Because the judgment was not rendered in open court, in the District Court of San Juan."

In the first place we hold that this is not nominally at least a suit against the receiver of the P. R. Dairy Co. The jurisprudence tends to show that only in exceptional cases

does the appointment of a receiver prevent a suit against a corporation, without permission of the court. This must be true because very frequently a plaintiff needs to obtain a judgment against the corporation to proceed further. *Calhoun* v. *Lanaux*, 127 U.S. 634, 34 L. ed. 297; Note to *Marshall* v. *Wabash R. Co.*, in 8 A.L.R. 442, and cases cited therein.

The appellee also points out with the citation of authorities that the failure to obtain permission may be waived by the receiver and that such waiver arose in this case, inasmuch as no objection at all was made in the court below and the receiver himself was called as a witness to show that the automobile was insured and to produce the policy. If the receiver had not been so called there would have been nothing in the record to show the appointment of a receiver. In any event, no great harm could arise in this case as the insurance company was responsible.

The other part of the error is badly assigned, but without going into all the reasons for finding the judgment, if the clerk of the court duly recorded it as emanating from Judge Arjona, even though written in Humacao, this was enough.

The judgment should be affirmed.