Sotero Ramírez Rosario, demandante y apelado, *v.* The Porto Rico Dairy Co. y The Grat American Indemnity Co., demandadas y apelantes.

Núm. 7430.—*Sometido:* Mayo 20, 1937. *Resuelto:* Abril 21, 1938.

*J. Valldejuli Rodríguez,* abogado de las apelantes; *Eduardo Urrutia,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Una de las cuestiones básicas en este caso es si había una vereda al lado izquierdo de la Avenida Fernández Juncos en dirección a San Juan, más o menos en el sitio en que se halla la carretera que conduce al aeródromo. Luego de examinar el informe de la inspección ocular hecha por la corte y el resto de la prueba, no tenemos duda de que existía una vereda por la que pasaban frecuentemente peatones. La corte resolvió esencialmente en favor de los hechos alegados en la demanda, y más o menos en la siguiente forma: que Sotero Ramírez Rosario, de cincuenta años de edad, se dirigía a su trabajo en San Juan por la Avenida Fernández Juncos como a las 5.20 de la mañana el 14 de agosto de 1933; que en la parada 10 de dicha avenida el demandante fué arrollado y golpeado por un automóvil propiedad de la Porto Rico Dairy Company, conducido en el momento del accidente por el chófer Nicasio Rivera Candelaria, empleado de la corporación dueña del vehículo; que con motivo de dicho accidente, el demandante fué lanzado al pavimento recibiendo varias contusiones y heridas en distintas partes del cuerpo que le obligaron a someterse a operaciones dolorosas y a molestosos tratamientos, de los cuales no había curado todavía a la fecha de la interposición de la demanda y como consecuencia de las cuales quedaría el demandante permanentemente defectuoso e inútil de la pierna izquierda, que resultó fracturada en el accidente; que cuando ocurrió el accidente, el demandante caminaba por la vereda que forma la acera y que se ha hecho de uso por la costumbre de los peatones que la utilizan para sus viajes; que el accidente ocurrió porque el vehículo de la Porto Rico Dairy Co., que se encontró con el demandante en dirección contraria a la que éste llevaba, discurría por la carretera a tan gran velocidad, y pasó tan cerca del lesionado, que chocó contra éste, debiéndose ello únicamente al descuido con que iba guiado dicho vehículo, el chófer del cual no dió aviso de su proximidad, ni evitó el choque, ni redujo la velocidad del automóvil, sino después de haber

arrollado al demandante; que la Great American Indemnity Co., como aseguradora de la entidad dueña del automóvil que ocasionó el accidente, asumió la responsabilidad de satisfacer cualquier pérdida, daño o perjuicio ocasionado con dicho automóvil a terceras personas; y que, como consecuencia del referido accidente, el demandante ha sufrido, en concepto de daños por dolores físicos y sufrimientos morales (*sic*), $5,000, y, por todo el tiempo que el demandante ha dejado de trabajar, desde el día 14 de agosto hasta la fecha de la interposición de la demanda, $120.

Del examen que hemos hecho de la prueba no tenemos duda de que la corte estuvo justificada al concluir que los hechos ocurrieron tal y como se alega en la demanda. No vemos cómo, suponiendo que no exista ningún otro error, la corte pudo haber llegado a una conclusión distinta, y además, estamos convencidos de que la corte presidió el juicio en una forma eminentemente justa e imparcial. Hallamos que no hubo negligencia contribuyente por parte del demandante, quien, conforme declaró la corte inferior, caminaba por el lado izquierdo de la carretera en dirección a San Juan en la forma que las personas que usan la carretera de ordinario habían viajado y que éste no tuvo oportunidad de evitar el accidente adoptando cualquier medida que se le hubiera ocurrido a un hombre prudente. Esto resuelve los señalamientos segundo, octavo y noveno, y, hasta cierto punto, el sexto.

█ El primer señalamiento lee así:

"Haber establecido, con motivo de haberse demostrado por la prueba del demandante que éste caminaba por la izquierda, el *ruling* consignado en la página 38 de la transcripción de evidencia, a saber: 'La Corte va a dar su opinión para los efectos de los alegatos de las partes. La Corte tiene la opinión que ningún peatón tiene la obligación de caminar ni por la derecha ni por la izquierda. Puede caminar por el lado que más le convenga caminar.' "

Creemos que la corte expuso la ley claramente al decir que ningún peatón está necesariamente obligado a caminar por la derecha o izquierda de la carretera. La jurisprudencia es

clara al efecto de que en el campo, y éste era un sitio parecido, donde no existen aceras, un viandante puede caminar en la forma indicada por la corte. No es necesario dar énfasis a este punto de derecho toda vez que la prueba demuestra claramente que había una vereda para peatones, bien visible, y la corte tomó conocimiento de ello.

■■ El cuarto señalamiento lee como sigue:

"Haber permitido las preguntas y respuestas que aparecen en las páginas 5, 7, 55, 60 y 65 de la transcripción de evidencia."

Este señalamiento de error es insuficiente. Cada una de las supuestas infracciones debió haberse consignado separadamente y en forma más específica. Por ejemplo, el demandante pudo quizá haber dicho fácilmente, al discutir el señalamiento que aparece en la página 5, que la corte cometió error al permitir que el perito dijera cuál sería el estado de la pierna del lesionado en el futuro. No encontramos que cometiera error al admitir esta prueba, y las otras supuestas infracciones o no fueron errores o de serlo resultan inofensivos.

■ Apenas si entendemos el quinto señalamiento de error toda vez que la declaración del juez Carballeira respecto a las distintas declaraciones hechas ante él por un testigo en una causa criminal era enteramente admisible para contradecir las manifestaciones hechas por dicho testigo en el presente recurso. Además, el señalamiento es insuficiente por no ser específico. Éste lee así:

"Haber permitido la declaración del Juez Carballeira en las páginas 89 a 93 de la transcripción de evidencia."

■ El séptimo señalamiento es como sigue:

"Que la sentencia dictada en este caso es nula y sin ningún efecto ya que no condena expresamente a ninguna persona al pago de cantidad alguna en favor de alguna otra persona."

Ahora bien, es cierto que hubiera sido mejor que la sentencia expresara específicamente que la misma se dictaba con-

tra la Porto Rico Dairy Company y contra la compañía de seguros. La sentencia no menciona a ninguno de los demandados sino que dice que se declara con lugar la demanda, con cierta excepción, y que los daños se aprecian por la corte en la suma de dos mil dólares.

La referencia que se hizo a la demanda suplió cualesquiera supuestas deficiencias en la sentencia, especialmente en vista de que la opinión formaba parte de la misma. En su alegato las apelantes, según recordamos, se refieren al hecho de que la responsabilidad de la compañía de seguros era subsidiaria, mas no puede haber duda de que de acuerdo con la ley vigente en Puerto Rico la demandada, Great American Indemnity Company, se hallaba propiamente ante la corte y era responsable.

El sexto señalamiento de error lee así:

"Haber pronunciado sentencia por la suma de $2,000, siendo la misma excesiva, improcedente y contraria a la condición económica prevaleciente en Puerto Rico."

Quizá algún otro juez puede haber tenido la idea de que $2,000 era demasiado, mas no lo cremos así, y no importa que la corte concediera la suma total englobada de $2,000 sin referirse específicamente a los $120 reclamados separadamente.

██ La determinación del tercer señalamiento de error es un poco más difícil. Éste lee así:

"Haber dictado sentencia sin jurisdicción por los siguientes motivos: (a) Porque la codemandada The P. R. Dairy Co. estaba bajo sindicatura, y no aparece que se obtuviera permiso del Tribunal para demandarla y que fuera demandado el síndico; (b) Porque la sentencia no fué dictada en corte abierta, en la Corte de Distrito de San Juan."

En primer lugar resolvemos que éste no es, por lo menos nominalmente, un pleito contra el síndico de la Porto Rico Dairy Co. La jurisprudencia tiende a demostrar que tan sólo en casos excepcionales el nombramiento de un síndico impide que se instruya un pleito contra una corporación, sin

permiso de la corte. Eso debe ser así ya que con mucha frecuencia la parte demandante necesita obtener sentencia contra una corporación para proseguir su recurso. *Calhoun* v. *Lanaux,* 127 U.S. 634, 32 L. Ed. 297; nota en *Marshall* v. *Wabash R. Co.,* 8 A.L.R. 442 y casos allí citados.

El apelado también indica, con citas de autoridades, que el dejar de obtener permiso es algo que puede renunciar el síndico y que tal renuncia surgió en este caso, toda vez que en la corte inferior no se presentó tal objeción y que el síndico mismo fué llamado como testigo para que demostrara que el automóvil estaba asegurado y para que presentara la póliza. Si no se hubiera llamado al síndico, nada habría en los autos que demostrara su nombramiento. Sea ello como fuere, no podría surgir mucho daño en este caso puesto que la compañía de seguros era responsable.

La otra parte del error no ha sido bien señalada, mas sin entrar en todas las razones que hubo para dictarse la sentencia, si el secretario de la corte de distrito la registró debidamente como dictada por el juez Arjona, aunque fuera escrita en Humacao, esto era suficiente.

*Debe confirmarse la sentencia apelada.*