El Pueblo de Puerto Rico, demandante y apelado, *v.* Félix Álvarez Aponte, acusado y apelante.

Núms. 14016 y 14017.—*Sometido:* Enero 9, 1950. *Resuelto:* Enero 26, 1950.

*M. Figueroa del Rosario,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La única cuestión a resolver en estos casos es si una corte puede negarse a admitir como prueba para impugnar las declaraciones en corte abierta de dos testigos de cargo, copias de las declaraciones juradas y por escrito prestadas por los mismos testigos en la investigación preliminar del caso, por el hecho de que dichas copias le fueron suministradas al

acusado por las autoridades militares al licenciarse el acusado del ejército.

Después de haber sentado las bases para impugnar la declaración de los testigos de cargo Juan Cintrón e Israel Ghiglioty, siendo el primero el único testigo presencial de los hechos ocurridos, el acusado ofreció como prueba las declaraciones prestadas por dichos testigos ante el Juez Municipal de Añasco y ante el Fiscal de Mayagüez en la investigación preliminar del caso, y las cuales, según el acusado, tendían a contradecir las declaraciones de dichos testigos durante el juicio. Es un hecho admitido que cuando ocurrieron los hechos el acusado era un miembro de las Fuerzas Armadas, que tanto éstas como las autoridades civiles practicaron una investigación del caso y que el fiscal suministró a las autoridades militares copia de la investigación practicada por él y que, al ser licenciado el acusado del ejército, y como parte de su expediente, se le entregó la copia de dicha investigación fiscal. Nada hay en el récord que tienda a demostrar que el acusado la obtuvo en forma ilegal. El único motivo expuesto por la corte inferior para denegar la admisión de las declaraciones de los dos testigos fué, preguntando primero lo siguiente: "¿Bajo qué autoridad, con qué potestad, el ejército puso en manos del acusado documentos privados que le facilitó la fiscalía de Mayagüez? Esa es la cuestión", y resolviendo después que "La corte tiene que declarar sin lugar la moción. No se explica la corte cómo el ejército ha puesto en manos del acusado documentos que le fueron facilitados por la fiscalía. Así que, sin lugar la moción. Es una inmoralidad del ejército, y la corte no puede tolerar esas inmoralidades del ejército. Es una práctica inmoral, un abuso, una falta de consideración del ejército, y los tribunales civiles de Puerto Rico no pueden permitir que el ejército haga lo que no está tolerado de acuerdo con la ley".

Los dos errores señalados por el acusado, tanto en la apelación en el caso núm. 14,017 contra la sentencia declarándole culpable de un delito de homicidio voluntario y condenándolo

a cumplir de dos a tres años de presidio, como en la del 14,016 que le declaró culpable del delito de portar armas(¹) y condenó a cumplir tres meses de cárcel, se refieren a la no admisión de la prueba referida. El Fiscal Auxiliar de este Tribunal se allana a las revocaciones solicitadas por el apelante por considerar que los errores cometidos por la corte inferior fueron perjudiciales para el acusado. Resolveremos primero el caso núm. 14,017 sobre homicidio voluntario.

■■ No hemos de entrar a considerar si la actuación de las autoridades militares al suministrar al acusado copia de la investigación preliminar practicada por el fiscal en este caso fué correcta o no. El hecho escueto es que el acusado tenía en su poder, sin violación de ley alguna por su parte, dicha copia. Y el hecho adicional es que, habiendo el acusado sentado las bases para impugnar la veracidad de los testigos Cintrón y Ghiglioty, tanto de acuerdo con el artículo 159 de la Ley de Evidencia como con el artículo 245 del Código de Enjuiciamiento Criminal, según han sido interpretados repetidas veces por este Tribunal—*Pueblo* v. *Santos,* 69 D.P.R. 441, 448-9 y casos en él citados—tenía derecho a que la copia de las declaraciones prestadas anteriormente por dichos testigos fuera admitida para impugnar las declaraciones prestadas por ellos en el juicio en relación con el hecho esencial de cómo fué que ocurrieron los hechos, ya que la teoría del acusado fué que actuó en defensa propia al inferir las heridas que causaron la muerte de su contrincante Juan Varela. El sumario del fiscal, o sea su investigación preliminar, había perdido cualquier carácter de secreto que hubiera podido tener(²) pues en poder del acusado había una copia del mismo obtenida legalmente.

No se nos ha citado ningún caso y ninguno hemos encontrado en el detenido estudio que hemos hecho de la cuestión,

---

(¹)Por estipulación de las partes ambos casos se vieron conjuntamente en la corte inferior pero se han tramitado como apelaciones separadas.

(²)Véanse *El Pueblo* v. *Díaz et al.,* 22 D.P.R. 191; *El Pueblo* v. *Beltrán et al.,* 18 D.P.R. 944; *Pueblo* v. *Escobar,* 55 D.P.R. 505. *Cf. Castro* v. *González,* 58 D.P.R. 368.

que sostenga que bajo las circunstancias concurrentes en el presente, las declaraciones en poder del acusado no puedan ser utilizadas para contradecir los testimonios prestados en el juicio por los testigos del fiscal.

El error cometido por la corte inferior al no admitir la prueba ofrecida con el limitado fin indicado, fué a nuestro juicio perjudicial al acusado y conlleva la revocación de la sentencia y la concesión de un nuevo juicio. *Pueblo* v. *Santos,* supra.

En cuanto al caso núm. 14,016 sobre portar armas, la situación es diferente. Si bien los casos se vieron conjuntamente, en éste hubo prueba, no ya de cargo sino del propio acusado al declarar admitiendo que desde varios días antes del suceso portaba el cuchillo con el cual causó la muerte ''para defender mi vida o cualquier agresión era esa arma, estando imposibilitado de mis piernas''.(3) La teoría del acusado en el caso *felony* en cuanto a que actuó en defensa propia al inferir las heridas que causaron la muerte a Juan Varela, aun cuando prevaleciera al permitirse la impugnación de los testigos Cintrón y Ghiglioty, no sería un eximente en cuanto al hecho probado de que el acusado portaba ilegalmente el cuchillo.

*Debe revocarse la sentencia en el caso núm. 14,017 sobre homicidio voluntario y devolverse el mismo para la celebración de un nuevo juicio y confirmarse la sentencia en el caso núm. 14,016 sobre portar armas.*

---

(3)La prueba demostró que como consecuencia de la explosión de una granada el acusado sufrió la fractura de ambas piernas y heridas en distintas partes del cuerpo; que estuvo recluído en hospitales militares aquí y en Estados Unidos por más de dos años y que al ocurrir los hechos de este caso, hacía un mes que estaba convaleciendo en Añasco y aún no había sido licenciado del ejército.