GREGORIA MALDONADO, demandante y apelada, *v.* FRANCISCO REBOLLAR, demandado y apelante.

Número 10987.
*Sometido:* 12 de enero de 1954. *Resuelto:* 1 de febrero de 1954.

*Raúl Matos,* abogado del apelante; *Luis A. Noriega,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Gregoria Maldonado radicó una demanda de filiación y alimentos contra Francisco Rebollar en la sección de Ponce

del anterior Tribunal de Distrito de Puerto Rico, en que alegaba que la menor, Frances Margarita Maldonado, nacida el 27 de mayo de 1949, era hija de la demandante y también era hija del demandado. Después de haberse celebrado la vista del caso en sus méritos, el tribunal de Ponce dictó sentencia declarando sin lugar la causa de acción de filiación en vista de su criterio al efecto de que el demandado era un hombre casado y nunca vivió en concubinato con la demandante, aunque tuvo relaciones sexuales con ella, y que "no hay prueba robusta de que el demandado haya dispensado a la menor demandante el trato, cariño y consideración de una hija natural, por lo que la indicada menor no ha gozado plenamente de la posesión continua del estado de hija natural de éste." No obstante ello, el tribunal a quo declaró con lugar la reclamación, o segunda causa de acción, de alimentos, basándose en que se había probado la paternidad del demandado en cuanto a la niña objeto de este litigio, en vista de las relaciones sexuales entre ambas partes, de que, según el tribunal a quo, la niña nació como resultado de esas relaciones sexuales; que el demandado le enviaba dinero a la demandante, antes y después del nacimiento de la niña, para atender a las necesidades de la niña; que el demandado y la niña se parecían "en los ojos" y que el demandado había admitido oralmente que él era el padre de la niña.

El demandado ha apelado ante este Tribunal. La parte demandante no ha apelado ni ha impugnado ante nos la resolución del tribunal sentenciador desestimando la causa de acción por filiación. El demandado–apelante ha señalado los siguientes errores:

"(1) Cometió el tribunal a quo, gravísimo error de derecho al no permitir al demandado–apelante impugnar la declaración de la demandante, GREGORIA MALDONADO, con los testimonios del Juez de Distrito R. ORTIZ PACHECO y del abogado Lic. Arturo Cintrón García, después de haberse dado cuenta el demandante (sic) de que ella había variado totalmente su declaración en el Tribunal Superior y testificado contrario a lo que había antes testificado ante la Corte Municipal de Ponce, hoy de Distrito.

"(2) Cometió el tribunal a quo gravísimo error de derecho, de carácter manifiesto, en la apreciación de la prueba."

Se cometió, claramente, el primer error señalado, y debe ser revocada la sentencia por ese motivo. El demandado trató de impugnar la credibilidad de la demandante como testigo, mediante la demostración de que ella había hecho manifestaciones en la antigua Corte Municipal de Ponce, en un proceso de abandono de menores contra el aquí demandado con respecto a la misma niña objeto de este litigio, cuyas manifestaciones eran incompatibles o inconsistentes con lo declarado por ella en la vista del caso de autos, y el tribunal a quo se negó a permitir tal demostración o impugnación, por el alegado fundamento de que esa prueba no era relevante. El tribunal de Ponce no le permitió al demandado el formular a la demandante las preguntas básicas que eran necesarias para sentar las bases, y no permitió que los testigos, Juez de Distrito R. Ortiz Pacheco y el abogado Arturo Cintrón García, declarasen sobre esas manifestaciones anteriores, que se alegaba eran inconsistentes. El abogado del demandado anunció cuál era el propósito del testimonio rechazado, o sea, el de probar que la demandante había declarado como testigo, en forma contraria a lo declarado por ella en la anterior Corte Municipal. Es de aplicación a este caso lo resuelto en el caso de *Pueblo* v. *Santos*, 69 D.P.R. 441, 446, en donde se resolvió que la credibilidad de un testigo puede impugnarse con manifestaciones inconsistentes tanto orales como escritas hechas por él con anterioridad al juicio y no únicamente mediante manifestaciones escritas y que, cuando tratando de sentar las bases para impugnar la declaración del testigo "cumbre" de cargo, el acusado informa a la corte de ese propósito y de la naturaleza de la prueba que intentaba presentar, la que era claramente admisible al fin indicado, y la corte no le permite contradecir al testigo, con ello comete un error manifiesto que perjudica los derechos del acusado y *conlleva la revocación de la sentencia* y concesión de un nuevo juicio. Se consideró suficiente el anuncio hecho por el abogado del apelante

que él se proponía demostrar que el testigo en cuestión hizo "manifestaciones completamente distintas a las que hizo en la silla testifical," al igual que se hizo en el caso de autos. De otro lado, el hecho de que las alegadas manifestaciones contradictorias se hayan hecho en una Corte "Municipal", no impide la aplicación de la regla enunciada. Véanse además los casos de *Pueblo* v. *Álvarez*, 70 D.P.R. 830 (la exclusión de prueba ofrecida para demostrar que un testigo había hecho manifestaciones inconsistentes conlleva la revocación de la sentencia) y *Ramírez* v. *Porto Rico Dairy Co.*, 53 D.P.R. 89 (la declaración de un juez respecto a las declaraciones hechas ante él por un testigo en una causa criminal es admisible para contradecir las manifestaciones que dicho testigo haga en la acción civil).

■ Habiéndose cometido el primer error señalado en tal forma que procede la revocación de la sentencia, es innecesario el considerar el segundo error señalado. Ahora bien, al haberse cometido el primer error señalado ello implica la necesidad de celebrar un nuevo juicio en este caso. Quedaron anulados todos los procedimientos habidos en cuanto al juicio que se llevó a cabo, y quedó anulada la totalidad de la sentencia y ello implica que el nuevo juicio debe referirse a ambas causas de acción, tanto la de filiación como la de alimentos. Las alegadas manifestaciones referidas en el primer error señalado se referían a la cuestión de la paternidad y, por lo tanto, ese error afecta en forma indivisible a ambas causas de acción, por lo que el caso debe quedar abierto para que se consideren de nuevo esas dos causas de acción.

*Debe revocarse la sentencia apelada y devolverse el caso a la Sala de Ponce del Tribunal Superior, para que allí se celebre un nuevo juicio y se sigan los procedimientos posteriores que no sean incompatibles con esta opinión.*