## McNEIL v. UNITED STATES.

### (Circuit Court of Appeals, Fifth Circuit.   December 13, 1917.)

### No. 3050.

1. INDICTMENT AND INFORMATION ⬤═129(1)—JOINDER OF COUNTS.
    Under Rev. St. § 1024 (Comp. St. 1916, § 1690), declaring that, where there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, etc., which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts, etc., the United States may in one indictment join two charges of embezzlement against the cashier of a post office; one the embezzlement of money, and the other the embezzlement of stamps, the property of the United States.

2. INDICTMENT AND INFORMATION ⬤═132(8)—MOTIONS TO ELECT.
    Where one indictment charges two offenses, a motion to require the prosecution to elect is addressed to the sound discretion of the trial court.

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

W. H. McNeil was convicted of embezzlement, and he brings error. Affirmed.

J. A. Templeton and D. W. O'Dell, both of Ft. Worth, Tex., for plaintiff in error.

Wilmot M. O'Dell, U. S. Atty., and Wm. E. Allen, Asst. U. S. Atty., both of Dallas, Tex.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge.   The plaintiff in error, hereinafter called the defendant, was indicted in four counts.   The first count charged that as cashier of the United States post office at Ft. Worth, Tex., he unlawfully and fraudulently converted to his own use the sum of $506 belonging to the United States.   The second count charged him with embezzling, stealing, and purloining about 150,000 United States two-cent postage stamps.   The other two counts were quashed before trial and are immaterial.   Before going to trial the defendant in error moved to quash the indictment on the ground that it charged separate and distinct offenses which could not be included in a single indictment, and also moved, in the alternative, that the government be required to elect as to which count it would proceed on.   Both of these motions were denied.   There was a verdict of guilty on both counts of the indictment, and sentence of two years was imposed upon each count, the terms of imprisonment to run concurrently, and not to be cumulative.

[1] Error is assigned to the action of the court in the particulars above detailed.   Section 1024 of the Revised Statutes (Comp. St. 1916, § 1690) of the United States provides:

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

It is difficult to conceive of two offenses that could more properly be combined in an indictment than those shown in this case. In one count the defendant was charged with embezzling money, and in the other with embezzling property, both belonging to the United States. Clearly these two offenses are of the same class of crimes, and may be properly joined in one indictment. Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208; Williams v. United States, 168 U. S. 382, 18 Sup. Ct. 92, 42 L. Ed. 509.

[2] The granting of the motion to compel the government to elect was within the sound discretion of the court, and we do not find that in this case there has been any abuse of discretion.

Other errors are assigned on the record, some of which were pressed in argument. However, except to say we do not find them well taken, we deem it unnecessary to refer to them.

It follows that the judgment must be affirmed.