## JENNINGS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 17, 1920.)

No. 5071.

1. **Injunction** ⬳231—**Judgment in contempt action may only be reversed for errors shown by record.**

In a criminal action for contempt in violating an injunction, the only errors for which the judgment may be reversed are those errors of law committed by the court below in the contempt action, and the burden is on defendant to establish the existence of such errors by the record in such action.

2. **Injunction** ⬳219—**Order evidences adjudication of jurisdiction and raises presumption thereof.**

In a criminal action for contempt in violating an injunction, the order of injunction showing that it was made after notice and hearing, on a motion at which defendant was represented by counsel, is evidence of adjudication by the court of its own jurisdiction, and raises a strong legal presumption that the court had jurisdiction, especially where the time for appealing has expired without any appeal being taken.

3. **Injunction** ⬳231—**Evidence not introduced below cannot be considered in contempt proceeding.**

On appeal in a criminal action for contempt by violation of an injunction, the complaint in the equity suit cannot be relied on to show want of jurisdiction to grant the injunction, where it was not offered in evidence, and so far as appears was not before the court.

4. **Injunction** ⬳231—**Matter in transcript, not part of bill of exceptions or certified as copy of original, may not be considered.**

On appeal in a criminal action for contempt, consisting of the violation of an injunction, a bill in equity appearing in the transcript, but not constituting a part of the bill of exceptions, in itself or by any reference to it therein, and which is not shown by the record to have been offered or received in evidence, or considered by the lower court, and which is not certified to be a copy of any original, cannot be considered.

5. **Injunction** ⬳219—**Party not appealing in injunction suit estopped to attack jurisdiction in contempt proceeding.**

A party to a suit for an injunction, who did not appeal from an order of injunction, is estopped thereby from successfully objecting to the court's jurisdiction in a criminal action to punish him for contempt in violating such injunction.

6. **Injunction** ⬳118(1) — **Complaint sufficient to entitle mortgagee and bondholder of street railway to injunction against striking employés.**

A complaint, in a suit by a mortgagee of a street railway and a holder of mortgage bonds against the railway, its striking employés, and others, alleging that the employés and others, pursuant to a conspiracy, were by threats, intimidation, and violence hindering and in large part preventing the operation of the railway, thereby depreciating the value of the property and plaintiffs' security, and unless enjoined would irreparably injure such security, and destroy or render it of much less value than the amount of the bonds, and asking an injunction, was sufficient to entitle plaintiffs to equitable relief, regardless of allegations of the contract between the railway and its employés, which they were charged with breaking.

7. **Courts** ⬳310—**Railway not indispensable party to suit by mortgagee and bondholder, so as to oust jurisdiction.**

In a suit by a mortgagee and a holder of bonds of a street railway company to enjoin striking employés and others from preventing the operation of the road by violence and intimidation, the railway was not

an indispensable party, and the fact that it was interested on the same side as plaintiffs did not oust the court of jurisdiction, where the necessary diversity of citizenship between plaintiffs and the employés existed.

8. **Parties 29—Rule as to "indispensable parties" in federal courts stated.**

The only "indispensable party" in a federal court is one who has such an interest in the controversy or its subject-matter that a final decree between the other parties cannot be made without seriously injuring his interest, or leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Indispensable Party.]

9. **Courts 310—Only indispensable parties should be considered in determining jurisdiction.**

In the determination of the jurisdiction of national courts, indispensable parties only should be considered as all others may be dismissed or disregarded, if their presence would oust the jurisdiction or restrict plaintiffs' right.

10. **Equity 359—Suit may be dismissed as to parties not indispensable and retained as to others.**

Where the court has jurisdiction of the subject-matter and the parties, the bill may be dismissed as to any defendant who is not an indispensable party to the suit and retained as to other defendants.

11. **Injunction 230(2)—Indictment or information not required in action for contempt.**

Under Act Oct. 15, 1914, § 22 (Comp. St. § 1245b), authorizing the commencement of actions for contempt when reasonable grounds are shown by the affidavit of some credible person, or information filed by any district attorney, no indictment or information was essential in criminal actions for contempt in violating an injunction, where the charges were set forth in a formal verified complaint or affidavit, on which the writs of arrest were issued.

12. **Injunction 230(1)—Consolidation of actions for contempt not error.**

Under Rev. St. § 1024 (Comp. St. § 1690), authorizing the joinder in one indictment of charges for acts or transactions of the same class of crimes, or offenses, and the consolidation of separate indictments, and section 921, authorizing the consolidation of causes when it appears reasonable to consolidate them, there was no error in consolidating for trial separate criminal actions for contempt for violations of the same injunction.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburg, Judge.

Consolidated contempt actions by the United States against O. E. Jennings. From judgments against defendant, he appeals. Affirmed.

O. T. Hamlin, of Springfield, Mo. (Willard W. Hamlin, of Springfield, Mo., on the brief), for plaintiff in error.

Francis M. Wilson, U. S. Atty., of Kansas City, Mo. (Elmer B. Silvers, Asst. U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. On October 30, 1916, upon the verified complaint of the Guaranty Trust Company of New York and J. J. Bodell, plaintiffs in a suit in equity against Division No. 691 of Springfield, Mo., of the Amalgamated Association of Street and Electric Rail-

way Employés of America, the Springfield Traction Company, the owner of the street railways of Springfield, Mo., and O. E. Jennings and others, who were former employés of the Traction Company, an order of injunction was issued by the court below against Jennings and other defendants in that suit, by which they were enjoined from conspiring to use and from using abusive, profane, vulgar, violent, or threatening language to or in the presence or hearing of any of the employés of the Springfield Traction Company, which was operating its street cars in Springfield, Mo., and from conspiring to intimidate and intimidating any of such employés, so as to obstruct or interfere with the operation of the Traction Company's cars. On December 29, 1916, upon the verified complaints of the Guaranty Trust Company and Bodell, to the effect that O. E. Jennings had repeatedly violated the injunction and had thereby become guilty of contempt of court, and upon supporting affidavits, the court below ordered and adjudged that a case in the name of the United States v. O. E. Jennings be docketed in that court, that an attachment for the arrest of Jennings be issued to apprehend him for the alleged contempts and bring him before that court. The attachment was issued, the defendant Jennings was arrested, brought before the court, heard and tried before a jury in this case, entitled United States v. O. E. Jennings, No. 2655.

On March 9, 1917, the court below, upon affidavits specifying other specific violations of the injunction by Jennings, issued another writ of arrest against him under which the marshal again arrested him and brought him before the court in the second case against him, which was entitled United States v. O. E. Jennings, No. 2661. On the representation of the United States attorney that these two cases were actions for contempt against the same person, and that each was for the same class of offenses punishable by the same penalties, the court ordered them consolidated for trial. They were tried together, the jury found the defendant guilty in each case, and in each case the court sentenced the defendant to imprisonment for three months and the payment of the costs of the action.

Counsel for Mr. Jennings ask a reversal of the judgments in these cases on three grounds: First, because the court below had no jurisdiction of the suit in equity in which it issued the injunction and therefore no jurisdiction to issue it; second, because no indictment was found or information filed against the defendant below but he was tried on the attachments for his arrests and the complaints and affidavits on which the attachments were founded; and, third, because the two cases against him were consolidated for trial and each of the charges against him in the complaints and affidavits was not tried separately.

[1] The first complaint is that the court below had no jurisdiction to issue the injunction, because there was not the requisite diversity of citizenship between the parties in the equity suit in which that injunction was issued. There are several reasons why this court may not lawfully reverse the judgments below on this claim. The first is that these actions are not the suit in equity of which Jennings seeks to challenge the jurisdiction of the court, all the parties to that suit except

264 F.—26

Jennings are not parties to these actions, and there is no substantial evidence in these criminal actions that the court below was without jurisdiction in the equity suit. These are actions at law, criminal actions between the United States and Mr. Jennings. The only errors for which this court may lawfully reverse the judgments in these cases are errors of law committed by the court below in these actions, and the burden is upon Mr. Jennings to establish by the record in these actions the existence of such errors. In the cases now in hand the defendant by a plea in abatement, and by the objections to the admission in evidence of the writ of injunction, asserted that the court below was without jurisdiction to make the order of injunction in the equity suit "for the reason of diversity of citizenship, in that complainants in their petition in the case aforesaid, alleged that the Springfield Traction Company is a Missouri corporation, and the Guaranty Trust Company of New York a New York corporation, and J. J. Bodell was a citizen of Rhode Island; that from the facts stated in said petition the interest of said Guaranty Trust Company, J. J. Bodell, and Springfield Traction Company is the same." The court below overruled their objections.

[2-4] The order of injunction, which is the only part of the papers, orders, or proceedings in the equity suit that was offered or introduced in evidence in the cases now in hand, discloses the fact that it was made by the court below after due notice of, and a hearing upon a motion for it, at which the defendants in the equity suit, of whom Mr. Jennings was one, were represented by counsel. It discloses no lack of jurisdiction of the court in the equity suit. It could not have been rendered by the court below without a consideration, and an adjudication by that court before the order was made that it had jurisdiction of the suit in which it was rendered, and that it had the judicial power to render it. It is evidence of that adjudication and bears with it the strong legal presumption that the court had jurisdiction to render it and that it is a valid order. Moreover it was an appealable order. If the court had no jurisdiction to make it Mr. Jennings, who was a party defendant in the equity suit, could have avoided it by an appeal. It was, however, too late for him to appeal from it on April 2, 1917, when, for the first time, he questioned the jurisdiction of the court to make it by his collateral attack upon it by his objections in these cases, for the injunction was ordered on October 30, 1916. In the face of this legal presumption and evidence of jurisdiction, there was no substantial evidence in these actions of the alleged facts on which counsel for Jennings base their attack on the power of the court to grant the injunction. Those alleged facts are, not that there was not the requisite diversity of citizenship between the parties in that suit as they then stood, but that the complaint in that suit disclosed the facts that the traction company was so related to the plaintiffs and the other parties to that suit that it should be aligned with the plaintiffs, and that if it were so aligned the requisite diversity of citizenship would not exist. But there was no proof of this alleged identity of interest between the plaintiffs and the traction company in the record of these cases. The complaint in the equity suit, upon which alone counsel rely

in their brief and argument to show this fact, was not offered in evidence in these actions, and there is no record or evidence that it was before the court below when it made the rulings assailed. It is not a part of the bill of exceptions or of the record in either of these cases, and in its absence there was no evidence of the facts on which counsel rely to establish their claim that the court below had no jurisdiction of the equity suit, so that there was no error in the ruling of the court below, but the legal presumption of jurisdiction which accompanied the adjudication and order of injunction should prevail. In reaching this conclusion the fact has not been overlooked that there appears in the printed transcript a recital of a bill in equity in cause No. 15 in equity between the parties in the equity suit. But this complaint is not a part of the bill of exceptions, either in itself or by any reference to it therein. The record contains no evidence that it was ever offered, received in evidence, submitted, or considered by the court below in either of the cases in hand, nor is it so certified to be the copy of any original as to make it available in this court in these actions at law as the basis of consideration or decision.

[5] Another reason why the objections of Mr. Jennings to the jurisdiction of the court below to issue the order of injunction in the equity suit are not tenable is that he is estopped from successfully objecting to that jurisdiction by the adjudication which the court necessarily made that it had such jurisdiction when it issued the order of injunction on notice to him of the hearing on the motion for it, and by his failure to appeal from it within the time fixed for his appeal by the acts of Congress.

[6] Again, if the complaint which is recited in the printed transcript outside the bill of exceptions had been available for consideration and decision, it would not have established lack of jurisdiction in the court below to make the order of injunction on October 30, 1916. That complaint set forth this state of things:

The Traction Company was the owner and was trying to operate the Springfield Street Railway. In the year 1911 it had mortgaged that railway and its property to the Guaranty Trust Company to secure the payment of its bonds to the amount of $300,000, some of which were owned by J. J. Bodell. O. E. Jennings and other defendants, who were former employés of the Traction Company, had struck, and had conspired together to interfere and were interfering with and obstructing the operation of the railway, by threatening and intimidating the employés of the Traction Company who were attempting to operate the street cars on it. Thereupon the Trust Company and Bodell brought the suit in equity, and joined as defendants the Traction Company, Division No. 691, of Springfield, O. E. Jennings, and others, some of whom were members of that division and were strikers, who, pursuant to the alleged conspiracy, were, by threats, intimidation, violent action, and the threat thereof, hindering and in large part preventing the operation of the railway, so that they were thereby depreciating the value of the property of the Traction Company and the security of the plaintiffs, and unless enjoined would irreparably injure that security, and destroy or render it of much less value than the amount

of the bonds the railway property was mortgaged to secure, and they prayed (1) that the Traction Company be restrained from ceasing to operate and that it be compelled to operate its cars; (2) that the defendants O. E. Jennings and other strikers be enjoined from acts of violence, threats, and intimidations towards the operators of the cars and the passengers thereof, whereby the movement of the cars was obstructed and in large part prevented.

It is true that much is alleged in the complaint about a contract between the Traction Company and Division No. 691 and the breach of that contract, but the plaintiffs were not parties to that contract, and, if all that was written in the complaint on that subject had been omitted, the remaining averments therein were ample, if proved, to establish the equity the complainants claim and their rights to the injunction ordered. The gravamen of the complaint was the conspiracy of Jennings and his associates to interfere and their interference by threats, intimidations, violence, and the terror of violence with the operators of and the passengers on the street cars, whereby their operation was prevented or impeded, and whereby the value of the plaintiffs' security was being and would be irreparably destroyed or injured, unless such acts were prevented by the injunction the plaintiffs sought, and these acts were unlawful, and entitled the plaintiffs to the injunction, and to equitable relief therefrom, regardless of the contract between the Traction Company and Division No. 691, or its breach.

[7] Concede, now, that the claim of counsel for Mr. Jennings that the complaint in the equity suit shows that the Traction Company was interested on the same side as the plaintiffs, and that it ought to be so aligned. Nevertheless, that fact would not render the court without jurisdiction of the equity suit, because the mortgagor, the Traction Company, was not and is not an indispensable party to the mortgagee's suit in equity to enjoin the wrongdoers, the defendant Jennings and his associates, from irreparably injuring or destroying the plaintiff's security and property. Carter v. Fortney (C. C.) 170 Fed. 463, 468; Fortney v. Carter, 203 Fed. 454, 455, 456, 121 C. C. A. 514, 515, 516; Toledo Traction, Light & Power Co. v. Smith et al. (D. C.) 205 Fed. 643, 662; City of Denver et al. v. Mercantile Trust Co. of New York, 201 Fed. 790, 797, 120 C. C. A. 100, 107.

[8-10] The only indispensable party in a federal court is one who has such an interest in the controversy or the subject-matter of the controversy that a final decree between the other parties before the court cannot be made without seriously injuring his interest or leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. Sioux City Terminal Ry. & Warehouse Co. v. Trust Co. of North America, 82 Fed. 124, 27 C. C. A. 73; Donovan v. Campion, 85 Fed. 71, 29 C. C. A. 30; Camp v. Bonsal, 203 Fed. 912, 918, 122 C. C. A. 207, 213. The Traction Company was not such a party. The plaintiffs were not parties to the contract between it and Division No. 691, and the decision of the controversy, if any, over that matter was not essential to the adjudication of the rights of the plaintiffs to the injunction against the injury or destruction of their security by the wrongful acts of the defendant Jen-

nings and his associates. In the determination of the jurisdiction of the national courts indispensable parties only should be considered, because all others may be dismissed or disregarded, if their presence would oust the jurisdiction of the court or restrict the right of the plaintiff. Where the court has jurisdiction of the subject-matter and the parties, the bill may be dismissed as to any defendant who is not an indispensable party to the suit and retained as to other defendants. North Carolina Mining Co. v. Westfeldt (C. C.) 151 Fed. 291, and cases there cited.

And as the Traction Company was not an indispensable party to the equity suit, its joinder did not oust the jurisdiction of the court, because the plaintiffs or the court, at any time when objections to its jurisdiction on the ground of the presence of the Traction Company were made, might dismiss it from the suit, and, as other defendants were citizens of Missouri, the jurisdiction of the court was and is unassailable, even if the Traction Company was interested therein on the same side as the plaintiffs. Sioux City Terminal Ry. Co. v. Trust Co. of North America, 82 Fed. 124, 126, 27 C. C. A. 73, 75; Equity Rule No. 39 (198 Fed. xxix, 115 C. C. A. xxix); Silver King Coalition Mines Co. v. Silver King C. M. Co., 204 Fed. 166, 169, 177, 122 C. C. A. 402, 405, 413; Webb v. Southern Ry. Co. (D. C.) 235 Fed. 578, 584; Wallin et al. v. Reagan et al. (C. C.) 171 Fed. 758, 764; New York, N. H. & H. R. Co. v. City of New York (C. C.) 145 Fed. 661, 662.

[11] Counsel for Mr. Jennings argue that the court below erred: (1) Because it overruled their objections to the trial of the defendant without indictment or information on the attachments for arrest and the complaints and affidavits on which they were based; (2) because over their objection it put the defendant on trial upon six charges of contempt, three in each case, when they insisted that he was entitled to a separate trial on each; and (3) that over their objection it consolidated the two criminal actions for trial. No error, however, is discovered in these rulings. No indictment or information is essential to a legal trial of one accused of contempt of court. The act of Congress expressly provides for the commencement of such actions whenever it shall be made to appear to any District Court or Judge, "upon the affidavit of some credible person, or by information filed by any district attorney, that there is reasonable ground to believe that any person has been guilty of such contempt," by issuing a rule on the accused to show cause and causing it and affidavits or information to be served upon him. 38 Stat. c. 323, § 22, p. 738, 2 U. S. Comp. Stat. § 1245b, p. 2008. The affidavit is placed on a par with the information, and a proceeding commenced by the use of the former is as legal and effective as one instituted by the use of the latter. In the case at bar each charge of contempt was set forth, either in a formal verified complaint or in an affidavit, which stated the alleged offense, the time, place, and circumstances thereof. On these complaints and affidavits the writs of arrest were issued, the orders for the docketing of the two criminal actions entitled United States v. O. E. Jennings, No 2655 and No. 2661, were made, and the two cases were consolidated

and tried before a jury. The writs of arrest, the complaints and affidavits on which they were founded, constituted the pleadings in these actions for the criminal contempts, stated the charges against the accused with all the particularity required in an indictment, and under the act of Congress cited lawfully performed the function of an information filed by the district attorney. Schwartz v. United States, 217 Fed. 866, 868, 133 C. C. A. 576, 578; Stewart v. United States, 236 Fed. 838, 842, 150 C. C. A. 100, 104.

[12] Nor was Mr. Jennings entitled to a separate trial of each of the charges of contempt or of each of the criminal actions against him. Section 1024 of the Revised Statutes (section 1690, p. 3501, 3 U. S. Compiled Statutes 1916) provides that when there are several charges against any person "for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." If the charges against Jennings had been made by indictments, he would have been entitled to neither separate indictments nor separate trials of the charges, for they are all acts or transactions of the same class of crimes or offenses. Williams v. United States, 168 U. S. 382, 390, 18 Sup. Ct. 92, 42 L. Ed. 509; Dolan v. United States, 133 Fed. 440, 446, 69 C. C. A. 274, 280; Ryan v. United States, 216 Fed. 13, 38, 132 C. C. A. 257, 272; McNeil v. United States, 246 Fed. 827, 159 C. C. A. 129. The offenses with which he was charged in the case under consideration were not as grave as those ordinarily prosecuted by indictments, and he was entitled to no more trials for these alleged contempts of court than he would have been if he had been charged with more serious offenses of a single 'class. Ample power was conferred upon the court below to order the two actions against him to be consolidated for trial and to direct the trial of all the charges against him for contempt to a single jury by section 1024 of the Revised Statutes, the decisions just cited, and section 921 of the Revised Statutes (section 1547, 3 U. S. Compiled Statutes, p. 3104), which provides that when causes of a like nature or relative to the same question are pending before a court of the United States "the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

The judgments below must be affirmed; and it is so ordered.

STONE, Circuit Judge. In stating my concurrence, I prefer to restrict concurrence, upon the question of jurisdiction, to the ground last stated in the opinion, to wit, that the Traction Company was not a necessary nor indispensable party to the bill and to the relief sought by complainants.