## LOGAN *v.* GREENLAW and others.

### (*Circuit Court, W. D. Tennessee.* May 20, 1882.)

1. EQUITY—PLEADING—FORMER SUIT PENDING—ABATEMENT—STATE AND FEDERAL COURTS.

    The pendency of a bill in equity for the same subject-matter, and between the same parties, in a state court, is no bar to a similar bill in the federal court in the same state.

2. SAME—PARTNERSHIP BILL—ADMINISTRATION BILL.

    Where a partner filed a bill in the state court to settle the partnership against the representatives of his deceased partner, and subsequently a creditor filed a bill under the Tennessee Code, in the same court, against the representatives of the deceased partner, to sell land to pay debts, and in each of these proceedings a non-resident creditor of the partnership filed a petition to have her debt paid, *held*, that a plea of former suit pending, setting up these proceedings, in defence of a bill to settle the partnership, filed in the state court by the non-resident creditor, and by her removed to the federal court, was insufficient.

3. State and Federal Courts — Concurrent Jurisdiction — Possession of Property.

Whenever a court, by mesne or final process, or without any process, has in its possession property which it is proceeding to dispose of according to its practice, another court, except one of superior supervisory jurisdiction, will not by its process, or otherwise, undertake to dispossess the first court or its officers. But this doctrine does not apply to oust the jurisdiction of all other courts to determine the same controversy, so far as they may rightfully do so, but only to protect the immediate possession of the first court and its officers from disturbance. And whenever the litigation is ended, or the possession of the court or officer discharged, other courts are at liberty to proceed according to the rights of the parties, whether these rights require them to take possession of the property or not. *Held, therefore,* that a partnership creditor may proceed with a bill to settle the partnership and subject partnership assets, although there may be at the same time a bill between the partners pending in a court of concurrent jurisdiction in another forum wherein the property is in the hands of a receiver, so long as it does not interfere with the possession of the receiver.

In Equity.

The bill which was originally filed in the state court alleges:

That the plaintiff is a citizen of Mississippi and the defendants are citizens of Tennessee, and that the plaintiff is a creditor, by judgment of the supreme court of Tennessee, of the firm of W. B. Greenlaw & Co. for the sum of $3,357.34, and costs; that the firm was composed of W. B. Greenlaw and J. O. Greenlaw, both now deceased; that, pending plaintiff's suit against them, J. O. Greenlaw died, and the surviving partner filed a bill to settle the partnership against the representatives of the deceased partner, who had left a will; that that bill prayed for a general settlement between the brothers, but particularly the partnership, to ascertain and pay its debts by a sale of sufficient of the partnership property for the purpose, and for a division of any surplus; that defendants appeared, and, after certain proceedings had, commissioners were appointed to divide the property, mostly real estate, and made a report dividing part of the property, which report was confirmed; that as to another part they reported that partition could not be made without great sacrifice to parties interested, and recommended that it be held in common "till the termination of the litigation then pending in regard thereto;" that the court decreed that that portion " be held by W. B. Greenlaw as tenant in common with the widow and heirs of J. O. Greenlaw, deceased, with full power and authority to collect rents, pay taxes, and insure and manage said property, subject to the further order of this court;" that by sundry orders of the court the case was referred to a special commissioner to take proof and report " the debts due and owing by the said firm, and its remaining assets;" that on November 28, 1879, he reported the claims set out in the bill, including that of the plaintiff in this case, she having, during the pendency of that suit, obtained her judgment, as mentioned in this bill, which report was confirmed; that pending the proceedings on that bill W. B. Greenlaw, who was the executor of J. O. Greenlaw, died, and the commissioner reported "that J. O. Greenlaw's representatives claim that, in view of the insolvency of W. B. Greenlaw's estate,

which has been suggested in proceedings in this court, the firm property is first liable for any of these claims that may be eventually established against it, and that any alienation by W. B. Greenlaw of his interest, by either deed, mortgage, or deed of trust, or otherwise, cannot operate to relieve it of this charge;" that the commissioner reported that the only assets of the firm remaining undisposed of were certain parcels of real estate, six in number, situated in the city of Memphis, all described in the report and the bill in this case, a body of land in Arkansas, and certain claims against the city of Memphis, one Walt and J. R. Williams' estate, also described; that on the confirmation of this report on February 19, 1880, it was among other things decreed " that the claims aforesaid against Williams and Walt be vested in D. H. Poston, administrator *de bonis non* of J. O. Greenlaw, with right to use names of the heirs and executor of W. B. Greenlaw in collection of the same;" and that " the balance of the personal and real assets of the firm of W. B. Greenlaw & Co., and particularly the real estate set out in the report herein, be held subject to the further orders of this court for the purposes of the partnership, the payment of its indebtedness, and the equalization of the partners."

The bill also alleges that the parties to the suit of *Greenlaw* v. *Greenlaw*, being representatives respectively of J. O. Greenlaw and W. B. Greenlaw, "neglect and refuse to make, or cause to be made, a sale of the said firm property so reserved as aforesaid, or its application to the payment of the firm debts. They also resist and oppose any application by the creditors of the said firm to be allowed to intervene in the said cause and to procure a sale of said property." It also alleges that the property is depreciating in value, and the taxes are allowed to accumulate and remain unpaid; that the property, or some of it, is in possession of the People's Insurance Company, which claims it by some title from W. B. Greenlaw. This company is made defendant to this bill, and its title disputed as against the plaintiff's right. All the personal representatives and heirs or devisees of the Greenlaws, and all the creditors mentioned in the commissioner's report, are made defendants. The bill prays:

" That on final hearing a decree may be made directing the sale of all the said partnership property for the payment of the partnership debts, and particularly the debt due the plaintiff aforesaid, and that such sale be so made as to bar the equity of redemption; that proper references be made, and the proper accounts taken and stated; that a receiver may be at once appointed and directed to take possession of and control the said property, collect the rents, pay the taxes, keep it in repair, and do whatever else may be required of him; that the title or claim of the People's Insurance Company be decreed subordinate and subject to the liens and claim of the plaintiff and the other partnership creditors; and that the plaintiff may have all other just, proper, and necessary relief."

A guardian *ad litem* was appointed for the minor defendants in the state court, and he and the heirs and the administrator *de bonis non* of J. O. Greenlaw, deceased, demurred to the bill, and their demurrer was overruled by the chancellor. W. E. Greenlaw, executor of W. B. Greenlaw, deceased, filed a plea setting up that there was pending in the same court an insolvent bill against' him to settle the estate of his testator according to the laws for the settlement of insolvent estates, and also the statute of limitations in favor of dead men's estates. D. H. Poston, administrator *de bonis non* of J. O. Greenlaw, the heirs, and the guardian *ad litem*, filed a plea of a former suit depending, alleging that the plaintiff exhibited her petition in the chancery suit in that court in the case of *R. C. Brinkley* v. *D. H. Poston, Adm'r, etc.*, a creditor's bill seeking the same relief as the bill in this case seeks, asking to be made a party thereto, and to have the same relief the plaintiff was seeking as to his debt, and the same she now seeks by this bill, which proceeding was still pending. The People's Insurance Company filed a demurrer, which was overruled by the chancellor. When the cause was in this condition the plaintiff filed her petition and bond (November 25, 1881) to remove it to this court, and a motion to remand for want of jurisdiction was refused.

The representatives of J. O. Greenlaw thereupon, by leave, filed amended and additional pleas as follows:

(1) The plea before mentioned of former suit pending is amended by alleging that the suit of *Brinkley* v. *Poston, Adm'r*, was filed "under the act of 1827 for the subjection of the real estate of solvent estates of deceased persons," and was subsequently further amended "so as to embrace the administration of the partnership assets of W. B. Greenlaw & Co., and especially the property mentioned in this proceeding," and that before this suit was brought the defendants, as the representatives of J. O. Greenlaw, deceased, "had answered and made defence thereto." (2) An additional plea sets up the pendency of the suit of *Greenlaw* v. *Greenlaw*, mentioned in the bill, and avers that the decree confirming the commissioners' report declared that "the real estate set out in the report be held subject to the further orders of the court for the purposes of the partnership, the payment of its indebtedness, and the equalization of the partners;" that on a certain day the plaintiff here filed her petition "of intervention," asking "that said property be subjected to her said alleged demand," and that said petition has never been dismissed or "struck from the files," but is still pending, and defendants plead said proceeding in bar of the present bill. (3) Another additional plea is precisely like the foregoing, except that it contains the averment that "said property is, and was at the filing of this bill, in the hands of a receiver in said cause, which said receiver was by the court appointed, and is in charge of the rents

and profits thereof under orders of the court." (4) The remaining additional plea is substantially the same as the first one, setting up the chancery cause of *Brinkley* v. *Poston, Adm'r*, as a former suit pending and a bar to this bill, except that it avers that the plaintiff here filed her petition in that cause asking the same relief she asks by this bill, which was and is still pending "as a matter of litigation in that suit," the same being "a creditors' bill, filed and defended under the act of 1827," and that the property is there *in custodia legis.*

These pleas have been set down and argued for insufficiency as not showing a defence to the bill.

*William M. Randolph*, for plaintiff.

*Finlay & Peters* and *T. B. Turley*, for defendants.

HAMMOND, D. J. These pleas are argumentative, and aver conclusions of law rather than facts, so that it has seemed to me better to refer the case to a master, according to the ordinary practice, to report whether the suits pleaded in bar are for the same cause of action. 1 Daniell, Ch. Pr. (5th Ed.) 637. But other business has already delayed this judgment so long that I have concluded to dispose of the pleas without a reference. And, disregarding any defective averments, but treating the allegations for all that, by intendment, they can be held to present to the court, it appears that the defence is narrowed to the simple question whether or not the chancery court has such jurisdiction of the subject-matter of this suit that we should not proceed here either by reason of a total want of jurisdiction or of comity between the courts.

Ordinarily the pendency of another suit between the same parties, in an independent jurisdiction, is no bar, or rather does not work an abatement. 1 Daniell, Ch. Pr. (5th Ed.) 633, and notes; *Ins. Co.* v. *Brune*, 96 U. S. 588. The suitor can have only one satisfaction, but may pursue as many different remedies in different jurisdictions as he can find applicable to his case. This is the rule of the Tennessee courts. *Lockwood* v. *Nye*, 2 Swan, 515. In *Stanton* v. *Embrey*, 93 U. S. 548, the principle was confirmed by the supreme court of the United States, and many of the authorities are collected by Mr. Justice Clifford; and Chief Justice Waite, in *Parsons* v. *Railroad Co.* 1 Hughes, 279, applies it to a general creditors' bill in the federal court of South Carolina, where a similar suit was pending in the state court of that state. No attempt was there made to reach the property of the company, but only to claim judgment, the court saying: "It will be time enough to consider how to reach any portion of the property involved in the litigation pending in the state court for

the purpose of subjecting it to the payment of his judgment when he attempts to do so." The rule seems to be the same as between the courts of the several dominions in the united kingdom of Great Britain. *Phosphate Co.* v. *Molleson,* 1 App. Cas. 780.

There is also another rule that seems applicable to this case, particularly in view of the allegation of this bill that defendants resist any attempt of the plaintiff here to control or interfere with the management of the suits pleaded in abatement here, which is that there will be no stay of proceedings where the second suit is brought by a different plaintiff from the first, unless the plea avers that the first suit has proceeded to a decree, because "*non constat* that a decree will ever be obtained." *Moore* v. *Holt,* 3 Tenn. Ch. 141, 143, and cases there cited; *Macey* v. *Childress,* 2 Tenn. Ch. 23; *Ins. Co.* v. *Brune, supra,* where Mr. Justice Strong says that a final decree in favor of the same party might be pleaded in bar, and the plea of a former suit pending in the same jurisdiction is an abatement only because the second suit is vexatious. The authorities will show, I think, that even in the same forum it is a mere matter of discretion whether the second suit shall abate or be staid, and that where a stay is allowed it will be generally with leave to the plaintiff to apply to go on with the second suit if the first is obstructed or does not proceed in the regular course. 1 Daniell, Ch. Pr. 633. If, therefore, the bill contains an averment that it is filed because the plaintiff is not allowed to interfere with the other plaintiff's right to control the litigation, or to share in that control, it would seem that such an averment should be denied to invoke the discretion of the court to stay the second suit. It is laid down by Mr. Daniell that where a bill is filed by one creditor in behalf of himself and all other creditors, and another creditor comes in and makes himself a party, he becomes a *quasi* plaintiff, and the plea is good as against another bill by him, his remedy being, if the first plaintiff is dilatory, to apply for liberty to conduct the cause himself. 1 Daniell, Ch. Pr. 635, and cases cited.

There seems also to be a distinction between cases where the creditor, coming in as a *quasi* party before or after a decree for an account in the first suit, files a second bill. In cases where he cannot come in until after a decree for the account he is not precluded from a second bill unless there has been a decree to which he may become a party; in the other cases he is so precluded. Id. What the effect of the statutory practice of the state courts may be on these rules it is not necessary now to inquire. Where the bills are filed in the same court (as this was) it is doubtless within the province of the

chancellor to control the whole subject by ordering a consolidation, or that the second suit be treated as a petition in the first, as he no doubt would have done if the cause had remained in his court. But here, in another jurisdiction, we must treat the subject as if the bill had been originally filed here, and, as I have shown, such a plea is not applicable unless it be a plea in bar setting up, not another suit pending, but a former recovery, in which plea a necessary averment is that the first suit has proceeded to a decree; and it seems to me plain that this plaintiff has not recovered such a decree in the chancery court, either as an actual or *quasi* party, as would amount to a former recovery for the same relief she now seeks. In the case of *Greenlaw* v. *Greenlaw* neither she nor any creditor was made a party, as they all should have been had the bill been filed in the interest and for the benefit of the creditors; but it was a suit between the partners *inter sese* and for their interest, that of the creditors being only secondary, and brought into it merely because it was necessary in order to adjust the partnership matters. If any creditor had been in control of the suit it is probable the decrees would have been of a different character. The supreme court of Tennessee, in the case of *Moffatt* v. *Wells*, MSS. Jackson, April, 1882, has recently decided that a bill by one partner against another to settle the partnership, even where it was insolvent, did not impound the property or make it a trust fund, nor preclude creditors from proceeding in the same or another court by attachment to secure their debts.

It is true, in this case there was a reference to a master to ascertain and report the debts, and according to the bill plaintiff proved her debt before him, and he reported it; and according to the pleas here she filed her "petition of intervention," which I suppose means a petition to become a party, either plaintiff or defendant, the plea does not say which, asking to have the property subjected to her debt. The plea only avers that her petition has never been dismissed. It does not aver that it has ever been granted, and she made a party by the necessary order; and in the bill it is averred that the defendants have denied her admission to control as a party. It is plain, therefore, that she is not a party to that suit, in the sense that the law requires, to make the plea of former suit pending available.

We come now to the other suit of *Brinkley* v. *Poston, Adm'r*, which is alleged in the pleas to have been filed under the Tennessee act of 1827, (T. & S. Code, § 2267 *et seq.*) This act allows an executor, administrator, or any creditor, where the personal assets of a deceased person have been exhausted in the payment of debts, to file a

bill in equity to subject the lands descended to the heirs or devised by the will to such payment. It is very clear that such a bill is not for the same purpose as that filed in this case. It may be that a creditor of J. O. Greenlaw, in his capacity as a member of the firm of W. B. Greenlaw & Co., might there prove his debt, and seek satisfaction out of his estate; but it is not like a bill by that or another creditor against the partners, or their representatives, to subject the partnership assets. But the plea avers that the bill was subsequently amended "so as to embrace the administration of the partnership assets of W. B. Greenlaw & Co., and especially the property mentioned in this proceeding." It appears from the bill (and by the other pleas, if they can be looked to in this connection) that these partnership assets were in the hands of W. B. Greenlaw, surviving partner, where they properly belonged, and not in the hands of J. O. Greenlaw's representatives or heirs, and that the surviving partner had long before filed a bill (the case of *Greenlaw* v. *Greenlaw, supra*) to settle the partnership, and it is difficult to perceive how the amendment could be pertinent to the original bill. But if the title had descended to J. O. Greenlaw's heirs, so that it was a proper amendment, it was only for an incidental purpose, the main object of the bill being to sell J. O. Greenlaw's real estate to pay his debts, and not a bill to settle the partnership in the sense of the rules of law governing this defence of a former suit pending. The authorities already cited show abundantly that it must be a suit between the same parties and for the same purpose. If the first suit has any other purpose with which this plaintiff, in her capacity as a *partnership* creditor, has nothing to do, she cannot be embarrassed in her pursuit of *partnership* assets against *both* partners by litigation between the individual creditors of one partner and the representatives of that partner.

The fundamental requirement of a plea of former suit pending is wanting—the object of the two suits is not the same. *Watson* v. *Jones,* 13 Wall. 697, 717. Here she is suing, as she may, both partners, and seeking to establish her claim to have a court of equity subject partnership assets in the hands of the surviving partner or *his* representatives, presumably, to her debt and those of other partnership creditors. There she is suing, as she may, one of the partners or his representatives, and seeking to subject his individual assets, or such of the partnership assets as he or they may have possessed themselves of, to her debt; but the suits are by no means the same. The same process of a partnership account and settlement may be

necessary in both, or to ascertain her right in either; but the purpose of the two suits is not the same in any other sense than that the plaintiff's object in both is to have her debt paid. Hence, if she had herself filed that bill, the plea could not, in my judgment, be sustained. This plea, like the other, does not allege that she has been made a party to that suit by an order admitting her as plaintiff or defendant, but only that she filed her petition asking the same relief there as here, and that it is still pending as a matter of litigation in that suit. But this does not make her a party, and she cannot become such without the consent of the court and by an order for the purpose. If the parties defending against her claim had been anxious to pay these partnership debts, she would have been made a party, and not left to come in by petition as a *quasi* party. The creditor who files a bill occupies a better attitude than one left to struggle with hostile parties, who ignore his claim and only offer him such place in the suit as he can acquire by a petition. The right to come in by petition and the offer to do so do not make the case of a former suit pending. If I were sitting as chancellor in the state court, while I might exercise the power to consolidate the causes or hear them together, I would not entertain these pleas as technical pleas of a former suit pending, and remit the plaintiff to such relief as she could obtain by petition in either of the suits here pleaded in abatement. She cannot get, by such procedure, that plenary relief afforded by a bill like this, and that fact alone defeats the plea. But in an independent forum there can be no doubt that the pendency of such suits is not a defence.

The next consideration, so much urged in argument, is that mere comity forbids our entertaining this suit; that the state court being one of concurrent jurisdiction, and having first obtained the cause, should not be interfered with by this court. This assumes that we must necessarily interfere with that court to grant the relief prayed for here, and is based on the idea that the property is *in custodia legis*, and as the pleas aver, of the chancery court. Comity does indeed forbid any unseemly conflict between the courts for possession of the *res* involved, but does not prevent a pursuit of the same right in both courts where such conflict does not arise. The authorities already cited show that the mere pendency of a suit for the same relief in two courts does not create a conflict. In the language of the chief justice, already quoted, it will be time enough to determine how far we may go without disturbing the possession, real or imaginary, of the property alleged to be held by the chancery court, when the application is

made. It does not now appear that any conflict will necessarily arise. The plea alleges that a receiver has been appointed, but not with sufficient definiteness to enable us to say whether this allegation is based on a construction of the decree quoted by both the bill and the plea, that W. B. Greenlaw's representatives hold as a receiver, or on the fact that some other person has been placed in possession as a receiver in the ordinary way. But, taking the latter to be true, I do not understand that such possession would create a conflict unless we should be asked here to displace him; and we need not do that to give the plaintiff the relief she asks. The property might be sold, and the purchaser vested with the title and sent to the chancery court to obtain possession, as against the receiver of that court, if he were entitled to it; or it may be that we could go no further than to declare and settle the rights of the plaintiff, and stay execution of the decree until the chancery court had exhausted its jurisdiction over the property and released it. *Black* v. *Scott,* 9 Fed. Rep. 186, and cases there cited.

The argument of the defendants results in this: that a creditors' bill in the state chancery court, to settle an estate, draws to it jurisdiction of all controversies whatever pertaining to it, and that such jurisdiction is exclusive. This may be, so far as the right to proceed in any other state court is concerned; but it has been settled that the statutory injunctions, even in insolvency proceedings, cannot prevent a non-resident from resorting to this court. *Suydam* v. *Broadnax,* 14 Pet. 67; *Union Bank* v. *Jolly,* 18 How. 503; *Hyde* v. *Stone,* 20 How. 170; *Payne* v. *Hook,* 7 Wall. 430; *Green* v. *Creighton,* 23 How. 90, 106; *Railway Co.* v. *Whitten,* 13 Wall. 270; *Harrison* v. *Wheeler,* 11 Fed. Rep. 206: *Pulliam* v. *Pulliam,* 10 Fed. Rep. 29; and see, also, *Buenos Ayres R. Co.* v. *Northern R. Co.* Law Rep. 2 Q. B. D. 210.

The defendants cite *Taylor* v. *Carryl,* 20 How. 583; *Taylor* v. *Taintor,* 16 Wall. 370; *New Orleans* v. *Steam-ship Co.* 20 Wall. 387, 392; *French* v. *Hay,* 22 Wall. 253; *Hagan* v. *Lucas,* 10 Pet. 400; *Freeman* v. *Howe,* 24 How. 450; *Buck* v. *Colbath,* 3 Wall. 341; *Memphis* v. *Dean,* 8 Wall. 64; *Hubbard* v. *Bellew,* 3 Fed. Rep. 447, 450; *Buck* v. *Ins. Co.* 4 Fed. Rep. 849. See, also, *Heyman* v. *Covil,* 20 Am. Law Reg. 171, and note, where the cases are collected and discussed.

I do not understand that these cases conflict with those I have cited in support of this judgment. Of course, there are some general expressions, such as "the court first acquiring possession of the orig-

inal case was entitled to hold it exclusively until the case was finally disposed of," that, taken literally in their broad language, would establish the principle contended for here, and thereby give the court in which a suit was brought exclusive jurisdiction in all cases and everywhere, without any limitation or qualification whatever; and on such a doctrine a plea of former suit pending should prevail in every conceivable case, which we have seen is not the law. What these cases establish is this: Wherever a court, by mesne or final process, or without any process, even, has in its possession property which it is proceeding to dispose of according to its practice, another court, except one of superior jurisdiction, will not by its process or otherwise undertake to dispossess the first court or its officers. And the principle will, in some circumstances, extend to protect the title of a purchaser from that court as against a purchaser from any other court. It is not necessary here and now to consider how far this principle extends. It is sufficient to say that the doctrine does not apply to oust the jurisdiction of all other courts, as we have abundantly shown, but only to protect the immediate possession of the court and its officers from disturbance. Whenever the litigation is ended, or the possession of the court or officer is discharged, other courts are at liberty to deal with it according to the rights of the parties before them, whether these rights require them to take possession of the property or not. 20 Am. Law Reg. (N. S.) 179. Meantime, so far as it can, without disturbing the possession of the first court, the second will proceed to exercise its jurisdiction, and, if it can proceed without possession of the property, need not concern itself about the possession in the other court.

Of the class of cases to which this belongs Mr. Justice Campbell says:

" What measures the courts of the United States may take to secure the equality of such creditors in the distribution of the assets, as provided in the state laws, (if any,) independently of the administration in the probate courts, cannot be considered until a case should be presented to this court." *Green* v. *Creighton, supra.*

A similar claim of exclusive jurisdiction was sought to be established for our late courts of bankruptcy on similar grounds, of having possession of all controversies and assets in the administration of insolvent estates, but it did not prevail, and the state courts universally refused to recognize the unwarrantable claim.

It is assumed in argument that under our act of 1827, before referred to, the chancery court has the property *in custodia legis,* and I

have, for the present purposes of this cause, so treated it; but I do not at all assent to that theory, though I need not decide it, and only refer to it to reserve the point. Courts get possession of property by a seizure of it, or by voluntary surrender to its officers, and possibly not otherwise. Transfers of property may not be effectual, or may be prevented by injunction, and thus it may be in one sense *in custodia legis;* but the possession of the party may not be the possession of the court in the sense of the rule we have been considering.

The pleas are insufficient.