## UNITED STATES MORTGAGE & TRUST CO. et al. v. MISSOURI, K. & T. RY. CO. OF TEXAS et al.

(Circuit Court of Appeals, Fifth Circuit.  January 14, 1921.)

No. 3568.

**1. Receivers ⚌69—Have no title to property in their custody.**

A receiver has no title or right of property vested in him, but is merely an indifferent person appointed to hold the property subject to further orders of the court.

**2. Receivers ⚌178—Not proper parties to action affecting property rights, but not possession.**

A receiver is a proper party to litigation to take property out of his possession, or seeking relief against his acts; but he is not a proper party, much less an indispensable party, to litigation affecting property not in his hands, or asserting rights to property in his hands without disturbing his possession thereof.

**3. Receivers ⚌178—Held unnecessary party to suit to cancel lease between railroad corporations the stock of which is owned by his corporation.**

In a suit by trustees under a railway company's mortgage to cancel leases by subsidiary companies, stock in which, owned by the mortgagor, was pledged to pay the mortgage, a receiver appointed for another railroad corporation, which owned the majority of the stock of both the lessor and lessee companies, is not an indispensable party, even though the value of the stock owned by the corporation of which he is receiver would be affected by cancellation, since none of the property in his possession would be taken therefrom by the litigation.

**4. Receivers ⚌69—Do not represent justiciable rights of parties to litigation.**

A receiver does not represent the justiciable rights of the parties to the litigation of which he is a receiver, but only the protection of the property in his hands as such, or the collection of that to whose possession he is entitled.

**5. Corporations ⚌506—Represent stockholders in suit to cancel lease, though dividends paid direct to stockholders.**

A corporation represents its stockholders in a suit to cancel a lease of its property, and the stockholders are not necessary parties to such suit, though the lease provided for the payment of dividends direct to the stockholders.

Appeal from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Suit by the United States Mortgage & Trust Company and another against the Missouri, Kansas & Texas Railway Company of Texas and others.  From a decree dismissing the bill, after denying complainants' petition to make other parties defendants, plaintiffs appeal.  Reversed and remanded.

Francis Marion Etheridge, of Dallas, Tex., and Frederick F. Greenman, of New York City, for appellants.

Alex S. Coke, Charles C. Huff, and A. H. McKnight, all of Dallas, Tex., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge.  A bill was filed by the United States Mortgage & Trust Company and Calvert Brewer, each a citizen of New

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
269 F.—32

York, as trustees of a mortgage executed by the Wichita Falls & Northwestern Railway Company, a corporation and citizen of Oklahoma (hereinafter styled the Oklahoma Corporation), to cancel three leases made, respectively, by the Wichita Falls Railway Company, the Wichita Falls & Northwestern Railway Company of Texas, and the Wichita Falls & Wellington Railway Company of Texas (hereinafter styled the Wichita Falls Companies), to the Missouri, Kansas & Texas Railway Company of Texas (hereinafter styled the Texas Company); said Wichita Falls Companies and said Texas Company being each a corporation and citizen of the state of Texas. Said bill was brought originally against said last-named four companies.

It appeared by said bill that each of said Wichita Falls Companies had been organized by the Wichita Falls & Northwestern Railway Company, a corporation of the state of Oklahoma (hereinafter styled the Oklahoma Corporation), and that said Oklahoma Corporation owned originally all of the capital stock of each of said Wichita Falls Companies; that said Oklahoma Corporation had executed three mortgages, the first mortgage being dated January 1, 1909, executed to the First Trust & Savings Bank, a corporation of Illinois, and to Emile K. Boisot, each being a citizen of Illinois, as trustees, and by said mortgage, in addition to mortgaging other property, pledged to secure the issue of bonds named therein, all of the stocks and bonds of said Wichita Falls Railway Company and said Wichita Falls & Northwestern Railway Company of Texas; that further, on January 1, 1910, it executed another mortgage to said First Trust & Savings Bank and said Boisot, as trustees, to secure another issue of bonds, by which second mortgage it also pledged all of the stocks and bonds of said three Wichita Falls Companies; that on August 19, 1911, said Oklahoma Corporation executed to plaintiffs, said United States Mortgage & Trust Company and said Brewer, a third mortgage to secure an issue of bonds, by which said mortgage it pledged to said plaintiffs, as such trustees, said stocks and bonds of said three Wichita Falls Companies, subject to the pledges thereof made by said two other mortgages executed to said First Trust & Savings Bank and said Boisot (hereinafter styled the Chicago Trustees).

Said bill further alleged that, prior to the time each of said three mortgages were issued, said three Wichita Falls Companies were all being operated by said Missouri, Kansas & Texas Railway Company of Texas (styled the Texas Company), under operating agreements which gave to said Wichita Falls companies net earnings of a large sum, and which paid large sums to the Oklahoma Corporation upon the stock of said three Wichita Falls Companies, which it owned, and greatly enhanced the value of said bonds of said Oklahoma Corporation secured by said mortgages, and greatly added to the security afforded by said mortgages; that among the covenants of the mortgage executed to the plaintiff was one that the mortgagor, the Oklahoma Corporation, would not sanction or permit any company, the greater part of whose capital stock should be pledged or assigned thereunder, to lease its railway property or any part thereof, except to the Oklahoma Corporation, or to some other company of whose capital stock the greater

part should then be pledged or assigned under said mortgage; that the stock both of the Oklahoma Corporation and of the Texas Company was controlled by the Missouri, Kansas & Texas Pacific Railway Company, a corporation of Kansas (hereinafter styled the Kansas Corporation), and that said Kansas Corporation, wishing to get rid of the operating agreements between the Texas Company and the Wichita Falls Companies, caused the Oklahoma Corporation to vote the stock of the Wichita Falls Companies to make leases of the railways of these Wichita Falls Companies to the Texas Company for a rental of 6 per cent. on the stock of said Wichita Falls Companies, and the payment of interest on the Wichita Falls Companies' bonds; the total of said stock only aggregated $55,000; that this change was made and these leases entered into, effective May 1, 1914, in violation of the above covenant in plaintiffs' mortgage, the Texas Company not being a company whose stock was pledged under the plaintiffs' mortgage,

The plaintiffs alleged that the aggregate of the annual rentals payable under these leases is the sum of $39,890, whereas for the three years preceding the execution of the leases the average annual net earnings of the Wichita Falls Companies under the operating agreements with the Texas Company amounted to $223,296.54. They alleged that the leases were made with intent to defraud plaintiffs, and that all parties had full knowledge of the rights of plaintiffs under the above covenant; that, thus deprived of the earnings of the Wichita Falls Companies, the Oklahoma Corporation became insolvent, and was forced to default in the payment of interest under all three of its mortgages.

The plaintiffs prayed that the leases made by said Wichita Falls Companies to said Texas Company be canceled as having been fraudulently entered into by the parties thereto, through complicity of the Oklahoma Corporation in violation of the covenant made in said mortgage, and further in violation of the trust relation which the Kansas Corporation bore to the plaintiffs, because of its ownership and control of all of the stock of the Oklahoma Corporation. They further prayed that the leases be canceled upon the ground that the leases themselves gave to the plaintiffs the right to terminate them upon default made by the Oklahoma Corporation; further, that they had the election under their said mortgage to terminate said leases upon the happening of some one or more of the events of default provided for in said mortgage; that each of said leases provided that they were executed subject to the plaintiffs' mortgage; that the Oklahoma Corporation had defaulted under said mortgages, and that the plaintiffs, therefore, elected to terminate the leases, and prayed that they be canceled and the property restored to the lessors.

It was alleged, also, that the Oklahoma Corporation's properties were in the hands of C. E. Schaff, as receiver, under a bill in equity filed in the United States District Court for the Western District of Oklahoma; that the Texas Company's properties were in the hands of said Schaff, as receiver, under a bill in equity filed in the United States District Court for the Northern District of Texas; that the Kansas Corporation's property was also in the hands of Schaff, as receiver, under a bill in equity filed in the United States District Court for the

Eastern District of Missouri. All of said stocks of said Wichita Falls Companies had been transferred into the name of the Chicago Trustees, and the rentals due by said Texas Company to said Wichita Falls Companies under said leases were being paid to and received by said Chicago Trustees.

The defendants, said Texas Company and said Wichita Falls Companies, and also C. E. Schaff, as receiver of said Texas Company, all answered said bill. The Texas Company and the Wichita Falls Companies in their answers also pleaded the nonjoinder of said Kansas Corporation and the receiver of its railway and properties, of the Oklahoma Corporation and the receiver of its railway and property, and also of the First Trust & Savings Bank and Emile K. Boisot, as trustees under the above-mentioned mortgages executed to them by the Oklahoma Corporation, as necessary parties defendant. The plaintiffs thereupon asked leave to amend their bill by making as parties (1) the Oklahoma Corporation, the original mortgagor of their mortgage, and as such the owner of the final equity of redemption of the stock in the Wichita Falls Companies; (2) the Chicago Trustees, the prior pledgees of said stock, who have actual possession and control thereof; (3) the Kansas Corporation, who is made a party solely because it is charged with having been a party to the original lease transactions, and whose interest as a stockholder of said Texas Company and of the Oklahoma Corporation may be indirectly affected.

The plaintiffs also applied to the United States District Courts for the Eastern District of Missouri and the Western District of Oklahoma, respectively, in the litigations in which said Schaff had been appointed as receiver, respectively, of the railway and properties of said Kansas Corporation and said Oklahoma Corporation, for leave to make him a party defendant to said suit filed by said plaintiffs in said United States District Court for said Northern District of Texas. Said leave was denied, and said judge of said United States District Court for the Northern District of Texas thereupon denied the motion to make the Kansas Corporation, the Oklahoma Corporation, and the Chicago Trustees parties defendant, upon the sole ground that it was futile to do so, as, in the opinion of said court, said Schaff, as receiver of said Oklahoma Corporation and said Kansas Corporation, appointed by said United States District Courts for the Western District of Oklahoma and the Eastern District of Missouri, respectively, was an indispensable party to the litigation, and could not be sued without leave of the courts appointing him.

The merits of the controversy are not in issue on this appeal. The sole question is: Is C. E. Schaff, as receiver of said Oklahoma Corporation and said Kansas Corporation, an indispensable party?

The only relief sought in this case is the cancellation of the leases between the Texas Company and the Wichita Falls Companies. There is no purpose, or prayer, to change the holding, title, or interest in the stock of the Wichita Falls Companies. Neither the receiver of the Oklahoma Corporation, nor of the Kansas Corporation, has possession of the property of either the lessor or lessee company, and no possession, or right of possession, of the receiver of these companies, will

be affected by the decree. The only receiver whose rights of possession may be affected—i. e., receiver of the Texas Company—is a party, and has appeared and answered.

[1] The receiver of the Oklahoma and Kansas Corporations has no title or right of property of any of the parties vested in him. He is an indifferent person, appointed as custodian to hold the property of said corporations, subject to the further order of the court. Quincy, M. & P. R. R. Co. v. Humphreys, 145 U. S. 82, 98, 12 Sup. Ct. 787, 36 L. Ed. 632; Great Western Mining Co. v. Harris, 198 U. S. 561, 576, 25 Sup. Ct. 770, 49 L. Ed. 1163.

[2] Where an attempt is made to take property out of his possession, then he is a proper party to litigation, and where relief is sought against *his acts* as such receiver he is the proper party litigant. But where the litigation affects the rights of parties in property not in his hands, or asserts rights in such property without disturbing his possession thereof, he is not a proper party, much less an indispensable party, to such litigation. Continental Trust Co. v. Toledo & C. Ry. Co. (C. C.) 82 Fed. 642, 646.

[3] The result of this litigation, if successful, would not disturb the possession of any receiver save that of the Texas receiver of the Texas Company, under the leases of the railways of the Wichita Falls Companies. It might have an effect on the value of the stock of these Wichita Falls Companies, or of the stockholding interest of the owners of the stocks of these and other corporations; but no decree in any way altering their possession or ownership or the rights of any present holder in said stocks is asked. The accounting sought for is wholly between the Texas Company and the Wichita Falls Companies.

[4] A receiver does not represent the justiciable rights of the parties to the litigation of which he is receiver, but only the protection of the property in his hands as such, or the collection of that to the possession of which, as receiver, he is entitled.

[5] The Wichita Falls Companies, as lessors, represent all of their stockholders in a litigation to set aside said leases. The Texas Company, as lessee, in like manner represents its stockholders. Godchaux v. Morris, 121 Fed. 482, 484, 57 C. C. A. 434. That the leases provide for the payment of dividends direct to the stockholders does not make it less a contract made directly with the corporation, nor prevent the corporation from representing its stockholders in an action to enforce or cancel the same. Pacific R. Co. v. Atlantic & Pac. R. Co. (C. C.) 20 Fed. 277.

The judge of the United States District Courts of Oklahoma and Missouri, in denying the application for leave to make the receiver of the Oklahoma and Kansas Corporations a party defendant to this cause, provided that the denial was without prejudice of the right of plaintiffs to make said Oklahoma and Kansas Corporations parties defendant. The court below declined to allow these corporations and the Chicago Trustees to be made defendants solely on the ground that Schaff, as receiver of the Oklahoma and Kansas Corporations, was an indispensable party, and the granting leave to make the other persons parties would be futile, and dismissed the plaintiffs' bill, because of the

inability to make said Schaff, as receiver of the United States District Court of Oklahoma and Missouri, a party defendant; the court of his appointment declining to permit him to be sued.

We consider that this is the sole question before us on this appeal. We have not considered the merits of the controversy, not deeming it properly before us. Concluding, as we do, that Schaff, as receiver under the proceedings against the Oklahoma Corporation in Oklahoma, and of the Kansas Corporation in Missouri, is not a necessary party, we reverse the decree dismissing this bill because of the failure to make him such a party, and remand the case for further proceedings not inconsistent with this opinion.

Reversed and remanded.