### EQUITABLE TRUST CO. OF NEW YORK v. DENNEY et al.

Circuit Court of Appeals, Seventh Circuit.
February 20, 1928.

No. 3959.

1. **Courts ⬨343—Federal court has jurisdiction, though persons who might otherwise be deemed necessary cannot be made parties, unless such person is indispensable (equity rule 39).**

Under equity rule 39, federal court has jurisdiction over controversy, though persons who might otherwise be deemed necessary cannot be made parties because of their absence or other incapability, or because their presence would oust jurisdiction of the court; but courts will refuse to proceed without presence of indispensable party.

2. **Courts ⬨343—"Indispensable party," whose absence will defeat federal court jurisdiction, is one having such interest that final decree cannot be made without affecting such interest.**

An "indispensable party," whose absence is sufficient to defeat federal court jurisdiction, is one who has such an interest in subject-matter of controversy that a final decree between parties cannot be made without affecting his interests or leaving controversy in such situation that its final determination may be inconsistent with equity and good conscience.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Indispensable Party.]

3. **Courts ⬨343—Mortgagor of street railway property held not indispensable party to mortgagee's suit to enjoin operation of motor busses by others, where joinder would defeat federal jurisdiction.**

Mortgagor in mortgage covering street railway and bus system *held* not such indispensable party to mortgagee's suit to enjoin operation of motor busses, so as to require joining it as party, where it would operate to defeat diversity of citizenship necessary to jurisdiction of federal court.

4. **Injunction ⬨14—That decree may incidentally aid other persons does not require equity to refuse aid to protect interest against threatened irreparable injury.**

The fact that a favorable decree may incidentally aid other persons who are not present does not require a court of equity to refuse to lend its aid to protect that interest against an alleged threatened irreparable injury.

5. **Courts ⬨500—Court appointing receiver does not have exclusive right to determine all questions or rights of action involving insolvent or his estate.**

Appointment of receiver for property of an insolvent does not draw to appointing court exclusive right to determine all questions or rights of action involving the insolvent, or necessarily make that court the sole arbiter of all legal questions affecting estate of insolvent.

6. **Courts ⬨500—Mortgagee of street railway, by securing receiver in state court, was not precluded from suing in federal court to enjoin operation of motor busses by others.**

Mortgagee, by instituting foreclosure proceedings in state court and obtaining the appointment of a receiver for mortgaged property, consisting of street railway and bus system, was not thereby precluded from resorting to federal court to enjoin operation of motor busses by others, since legal effect of appointment of receiver was merely to transfer exclusive possession of mortgaged property from mortgagor to receiver, and relief asked did under no circumstances disturb or interfere with that possession.

7. **Courts ⬨343—Receiver for street railway held not indispensable party to mortgagee's suit to enjoin operation of motor busses by others.**

Receiver for street railway and bus system appointed in state court *held* not an indispensable party to mortgagee's subsequent suit in federal court to enjoin operation of motor busses by others.

8. **Appeal and error ⬨863—Appellate court, on determining bill for injunction was improperly dismissed for want of jurisdiction will not affirm order of dismissal without record of hearing on merits.**

Appellate court, on determining that District Court improperly dismissed bill for injunction for want of jurisdiction, will not affirm order of dismissal on bill and evidence submitted on hearing for interlocutory injunction, since, in the absence of a full record on hearing on the merits, court will not presume to pass on questions involved therein.

Appeal from the District Court of the United States for the District of Indiana.

Suit by the Equitable Trust Company of New York against Sumner B. Denney and others. Decree of dismissal, and plaintiff appeals. Reversed and remanded.

Wm. H. Thompson, of Indianapolis, Ind., for appellant.

Cassius C. Shirley, of Indianapolis, Ind., for appellees.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge. Appellant, a New York corporation, trustee under deed of trust covering the property of the Union Traction Company of Indiana, brought suit in the District Court for an injunction against the appellees, citizens of Indiana, who are operating in the city of Muncie motor busses upon 'streets identical with or contiguous to those upon which the traction company, through its receiver, operates its street railway and bus system, under authority from the Indiana officials. The basis for the prayer for injunction was the averment that the appellees have not obtained a certificate of public convenience and necessity from the Public Service Commission of Indiana authorizing their operations. The trust deed of appellant secures a bond issue of $5,000,000. The receiver is operating the properties of the mortgagor under order of the circuit court of Madison county, Indiana. He was originally appointed at the request of common creditors, but later, under a foreclosure bill of the present appellant, he was designated as receiver under the trust deed also. Upon the hearing of an application for temporary injunction in the present suit, the District Court, of its own motion, dismissed the bill of complaint for want of jurisdiction, and the appellees seek to sustain this decree upon the ground that the mortgagor, a citizen of Indiana, is an indispensable party, and upon proper alignment of parties should be joined as party plaintiff, so that there is no diversity of citizenship to confer jurisdiction upon the federal court, and for the further reason that, in view of the fact that a receiver has been appointed in the state court and is administering the estate upon which appellant has a lien, the appellant may not resort to the federal court for the purpose of seeking relief concerning the res of the estate in the custody of the receiver.

[1, 2] The peculiar and limited jurisdiction of the federal courts, affected as it is by the citizenship of the parties, has resulted in a well-recognized modification of the former rules in chancery practice classifying parties as proper or necessary. Formerly the presence of all those whose appearance was necessary to a determination of the entire controversy was essential to the jurisdiction of the court, and they were included within the class known as necessary parties, while those who had no interest in the litigation between the immediate parties, but had an interest in the subject-matter which could be conveniently adjudicated therein might be included as proper parties. The operation of equity rule 39 (old rule 47), however, has resulted in the present well-recognized reclassification, which permits the court at its discretion to proceed, though persons who might otherwise be deemed necessary cannot be made parties because of their absence or other incapability or because their presence would oust the jurisdiction of the court. The courts, however, refuse to proceed without the presence of an indispensable party. See Ex parte Haggerty (C. C.) 124 F. 445; Sioux City Terminal R. & W. Co. v. Trust Co. of N. A. (C. C. A.) 82 F. 127; Simpkins, Fed. Prac. (Rev. Ed.) c. 66, pp. 492 to 498, inclusive, and authorities there assembled. "An indispensable party is one who has such an interest in the subject-matter of the controversy that a final decree between the parties cannot be made without affecting his interests, or leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience." Sioux City Term. R. R. Co. v. Trust Co., supra; Jennings v. U. S. (C. C. A.) 264 F. 399, at page 404.

[3, 4] Here the mortgagee has a lien upon the property and franchises of the mortgagor, who quite naturally is interested in the suit, as appellant seeks to enjoin an alleged wrongful interference by third parties with the operation of such properties under said franchises. But the final decree does not necessarily affect the mortgagor's rights. It cannot possibly be injured by the decree sought. A decree in favor of the mortgagee cannot be conceived as inconsistent with equity and good conscience, merely because the mortgagor is not present. Appellant has a substantial, independent interest, belonging to it alone, apparently of great value. The protection of that interest is of no importance to any other person. The fact that a favorable decree may incidentally aid other persons who are not present, does not require a court of equity to refuse to lend its aid to protect that interest against an alleged threatened irreparable injury. Such is the holding of other courts in Ex parte Haggerty (C. C.) 124 F. 441; Carter v. Fortney (C. C.) 170 F. 463, affirmed in (C. C. A.) 203 F. 454; City of Denver v. Mercantile Trust Co. of New York (C. C. A.) 201 F. 790; Jennings v. United States (C. C. A.) 264 F. 399, and other cases. The deci-

sion of this court in Mahon v. Trust Co. (C. C. A.) 239 F. 266, is in accord, for there we said: "The right of a mortgagee under certain conditions to bring an injunctional suit to protect its security independently of the mortgagor is thoroughly established. Some of the cases cited above not only recognize such right on the part of the mortgagee, but further hold that the mortgagor is an unnecessary party. Such rule is applied where the suit is brought to restrain threatened injury to the security by trespassers or other tortfeasors, and where the threatened injury is by outsiders, strangers to the affairs and contracts of the mortgagor."

In the case of the City of Denver v. Mercantile Trust Co. (C. C. A.) 201 F. 790, a mortgagee of a street railway company brought suit against the city to enjoin the threatened 'forfeiture of franchise. It was there contended that upon proper alignment of the parties diversity of citizenship would be destroyed by reason of the fact that the street railway company was a citizen of Colorado. The court held that the street railway company was not an indispensable party. It said: "It is claimed by appellants that jurisdiction is based entirely upon diversity of citizenship; that the Denver City Tramway Company, the present owner and in possession of the street railway, was an indispensable party to the action, and, if made a party, its interests being entirely with that of complainant and diverse to that of respondents, it should be classed as a complainant, and hence diversity of citizenship defeated. The Denver City Tramway Company was not, however, made a party to the action, and we think it was not an indispensable party. Complainant was the trustee in the mortgage or trust deed given to secure bonds issued by the street railway company. Its mortgages covered, not only the physical properties of the tramway company, but its franchise and contract rights, and it certainly had a standing in a court of equity to protect such rights from any unlawful invasion. Old Colony Trust Co. v. City of Wichita (C. C.) 123 F. [762] 162, affirmed 132 F. 641, 66 C. C. A. 19; Clapp v. City of Spokane (C. C.) 53 F. 515; Knickerbocker Trust Co. v. City of Kalamazoo (C. C.) 182 F. 865; City & County of Denver v. New York Trust Co., 187 F. 890–902, 110 C. C. A. 24." The Circuit Court of Appeals for the Eighth Circuit again in Jennings v. United States, 264 F. 399, held that the mortgagor in a similar case was not an indispensable party in a suit brought by the mortgagee to enjoin threatened irreparable injury to the res of the estate at the hands of third persons.

[5, 6] In considering the further questions of whether appellant by instituting foreclosure proceedings in the state court and obtaining appointment of a receiver for the mortgaged property upon foreclosure thereby lost its right to sue in another court for the protection of the mortgaged security, and whether the appointment of a receiver gave the state court exclusive jurisdiction, it should be remembered that the legal effect of the appointment of the receiver was merely to transfer exclusive possession of the mortgaged property from the mortgagor to the receiver. Appellant has a right to protect its property so long as it does not interfere with the possession of the receiver. United States, etc., Trust Co. v. Missouri, etc., R. Co. (C. C. A.) 269 F. 497. The federal courts have repeatedly held that the appointment of a receiver for the property of an insolvent does not draw to the appointing court the exclusive right to determine all questions or rights of action involving the insolvent, or necessarily make that court the sole arbiter of all legal questions affecting the estate of the insolvent. Following this principle the courts have held that, although a probate court is vested with jurisdiction of the estate of a decedent, a citizen of another state may establish his debt against the estate in a federal court. See Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80; and First Calumet Bank v. Rogers, 289 F. 953, decided by this court. Furthermore it has been held in the cases of Brown v. Crawford (D. C.) 254 F. 146, Alsop v. Conway (C. C. A.) 188 F. 568, and Logan v. Greenlaw (C. C.) 12 F. 10, that, though a creditor's bill in a state chancery court to settle an estate draws certain exclusive jurisdiction to it, the doctrine does not apply to oust all jurisdiction of other courts, but only to protect the immediate possession of the court and its officers from disturbance, and that the federal court will exercise its jurisdiction if it can proceed without possession of the property. Here there is no attempt to disturb the possession of the state court. A decree for appellant could under no circumstances disturb or interfere with that possession, but would merely prevent appellees from interfering with the property rights of appellant. That the court may, under

such circumstances, proceed to exercise its jurisdiction, in view of the fact that no interference with the custody of the receiver is contemplated, appears clearly from the previous decisions of this court in Guaranty Trust Co. v. North Chicago St. R. Co. (C. C. A.) 130 F. 801, and Royal Trust Co. v. Washburn, etc., Co. (C. C. A.) 139 F. 865. See, also, Calhoun v. Lanaux, 127 U. S. 634, 8 S. Ct. 1345, 32 L. Ed. 297; Frank v. Vollkommer, 205 U. S. 521, 27 S. Ct. 596, 51 L. Ed. 911; Metropolitan Trust Co. v. Lake Cities Elec. Ry. Co. et al. (C. C.) 100 F. 897; The Holladay Case (C. C.) 27 F. 830.

It was stated upon hearing that the Madison circuit court has denied jurisdiction of a suit by the receiver to enjoin the appellees, for the reason that the appellees are residents of and are to be found only in Delaware county. Therefore, if the receiver, or the appellant, is to institute suit, either one will be compelled to go to some court other than that having possession of the res. There is no rule of law or comity requiring that such suit be entered in a state court rather than in the federal court.

[7] That the receiver is not an indispensable party is apparent from the decision in United States, etc., Trust Co. v. Missouri, etc., R. Co. (C. C. A.) 269 F. 497 (certiorari denied 256 U. S. 699, 41 S. Ct. 538, 65 L. Ed. 1177), where the court said: "Where the litigation affects the rights of parties in property not in his hands, or asserts rights in such property without disturbing his possession thereof, he is not a proper party, much less an indispensable party, to such litigation."

[8] The appellees further contend that, even if this court should find that the District Court had jurisdiction, we should affirm the order of dismissal upon the bill and the evidence submitted upon the hearing for an interlocutory injunction. There has been no hearing upon the merits. Both parties are entitled to present a full record upon such hearing. In the absence of such a record this court will not presume to pass upon the questions involved in a final hearing upon the merits. "Findings and rulings, if now made on the basis of the evidence presented at the hearing on the application for the temporary injunction, might be rendered of no avail by the presentation of other or additional evidence when the case comes on for final hearing." City of Hammond v. Schappi Bus Line, Inc., 48 S. Ct. 66, 72 L. Ed. ——.

It follows, from what has been said, that the decree of the court below, dismissing the suit for want of jurisdiction, should be, and is, reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.